UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lashawn Sharpe, individually and on behalf of all other similarly situated,<br><br>                   Plaintiff,<br><br>      -against-<br><br><br>A&W Concentrate Company and Keurig Dr Pepper Inc.,<br><br>               Defendants. | Case No.:  1:19-cv-00768 (BMC) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Creighton R. Magid (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W., Suite 900
Washington, D.C.  20005
Phone: (202) 442-3555
Fax: (202) 442-3199
magid.chip@dorsey.com

Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile:  (646) 607-8476
baksh.elizabeth@dorsey.com

Dated:  December 23, 2019

*Attorneys For Defendants A&W CONCENTRATE COMPANY AND KEURIG DR PEPPER INC.*

## **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.      BACKGROUND FACTS ................................................................................................1

II.     ARGUMENT ...............................................................................................................3

III.    CONCLUSION ............................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................. 4

*Mantikas v. Kellogg Co*., 910 F.3d 633 (2d Cir. 2018 .......................................................... 5, 6

*Marini v. Adamo*, 995 F. Supp. 2d 155 (E.D.N.Y. 2014) ................................................... 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574 (1986) .................................... 4

*Reyes v. Crystal Farms Refrigerated Distrib. Co*., 2019 U.S. Dist. LEXIS 125971
   (E.D.N.Y. July 26, 2019) ................................................................................. 5, 6

*Solak v. Hain Celestial Group, Inc*., 2018 U.S. Dist LEXIS 64270 (N.D.N.Y. April 17, 2018) ... 5

**Rules**

Fed. R. Civ. P. 56 ............................................................................................. 3

Plaintiff's claims are based on a single factual assertion:  that A&W Root Beer and A&W Cream Soda are not made with real vanilla. Plaintiff, however, has no evidence supporting this assertion.  Moreover, testing of the vanilla flavorings used in A&W Root Beer and A&W Cream Soda confirm that real vanilla is used in both beverages.  Summary judgment in favor of defendants A&W Concentrate Company and Keurig Dr Pepper Inc. is therefore warranted.

## I.   BACKGROUND FACTS

The gravamen of Plaintiff's claims is that A&W Root Beer and A&W Cream Soda are labeled as being made with vanilla but, according to Plaintiff, do not contain vanilla.  SOMF ¶¶ 1 – 2.

In support of this assertion, Plaintiff arranged for a sample of A&W Root Beer and a sample of A&W Cream Soda to be analyzed by gas chromatography mass spectrometry ("GCMS"), first on April 12, 2019 – more than two months *after* Plaintiff filed the Complaint – and then, after abandoning the initial analysis, again on August 22, 2019.  SOMF ¶¶ 35 - 37. Even with this testing, Plaintiff has been unable to establish the presence or absence of real vanilla in A&W Root Beer and A&W Cream Soda.  SOMF ¶ 32.

Plaintiff's GCMS testing appears to have been conducted in total ion mode ("TIM") rather than in selected ion mode ("SIM").  SOMF ¶¶ 20 - 21.  This made Plaintiff's test between 10 and 100 times less likely to detect vanilla compounds than if Plaintiff had conducted it's testing in SIM.  SOMF ¶ 21.  Further, unless Plaintiff's testing laboratory used special techniques (which are not apparent from the laboratory's report) to prepare samples of A&W Root Beer and A&W Cream Soda for gas chromatography, it is likely that the testing caused two of the four compounds indicative of real vanilla extract – vanillic acid and hydroxybenzoic acid – to decompose, rendering them undetectable.  SOMF ¶ 23.  Further – and regardless of the testing methodology employed – root beer and cream soda are extremely complex products, as

1

evidenced by the chromatograms produced by Plaintiff's laboratory, making it extremely difficult to detect flavor compounds such as those from vanilla extract.  SOMF ¶ 25. Accordingly, Plaintiff's analysis is inconclusive as to the presence or absence of real vanilla extract in A&W Root Beer and A&W Cream Soda.  SOMF ¶ 26.

**Plaintiff's own expert witness, Daphna Havkin-Frenkel, concedes that that Plaintiff's testing does not establish whether natural vanilla is or is not an ingredient in A&W Root Beer or A&W Cream Soda.**  SOMF ¶ 29.  **In her own words, "There's no proof that there is.  There is no proof that there is not."**  *Id.*  (Dr. Havkin-Frenkel further admitted that the vanillin detected in A&W Cream Soda by Plaintiff's own testing could very well be derived from real vanilla beans.  SOMF ¶ 26.)

Dr. Havkin-Frenkel, Plaintiff's expert witness, further concedes that testing *flavorings* used in A&W Root Beer and A&W Cream Soda, rather than testing the soft drinks themselves, is the superior means of determining whether the beverages are made with natural vanillin from vanilla beans.  SOMF ¶ 17.  Dr. Havkin-Frenkel was unable to analyze the flavorings used in A&W Root Beer or in A&W Cream Soda, however, because Plaintiff's counsel did not provide them to her.  SOMF ¶ 17.  **Dr. Havkin-Frenkel concedes that, without testing the flavorings, there is no way to determine whether the vanillin in A&W Root Beer and A&W Cream Soda is derived from real vanilla beans other than a very expensive test – known as an isotopic ratio test – that Plaintiff did not employ.**  SOMF ¶ 25.

Defendants *did* analyze the flavorings used in A&W Root Beer and A&W Cream Soda. Testing of a sample of the vanilla extract used in A&W Root Beer identified all substances indicative of real vanilla extract in the relative concentrations typical of natural vanilla extract. SOMF ¶ 7.  Similarly, testing of a sample of the vanilla flavoring used in A&W Cream Soda

yielded results typical of a flavoring comprised of natural vanilla extract fortified with added

vanillin.  SOMF ¶ 13.  Plaintiff's expert witness, Dr. Havkin-Frenkel, does not disagree with Mr.

Keuger's conclusions regarding either of these flavor ingredients.  SOMF ¶¶ 27 – 28.  Based on

the test results, Mr. Krueger concludes, to a reasonable degree of scientific certainty, that both

A&W Root Beer and A&W Cream Soda contain natural vanilla.  SOMF ¶¶ 8, 14.

The results of testing on the flavorings is consistent with the information supplied by the

flavoring ingredients' suppliers, well-known flavor houses Firmenich SA and Givaudan Flavors

Corp.  SOMF ¶¶ 3 – 4, 9 – 10.  Firmenich SA supplied A&W Concentrate Company with

documentation confirming that the flavoring used in A&W Root Beer is two-fold (that is, double

strength) vanilla extract derived from natural vanilla beans.  SOMF ¶¶ 3 – 4.  Givaudan Flavors

Corp. supplied A&W Concentrate Company with documentation confirming that the flavoring

used in A&W Cream Soda, Natural Vanilla WONF, similarly contains natural vanilla bean

extract.  SOMF ¶¶ 9 - 10.

Both A&W Root Beer and A&W Cream Soda are conspicuously labeled as being

"naturally and artificially flavored."  SOMF ¶ 33.  The Nutrition Facts Label also clearly states

that the beverages contain both "natural and artificial flavors."  SOMF ¶ 34.

## II.    ARGUMENT

A court should grant summary judgment in favor of the moving party when the movant

"shows that there is no genuine dispute as to any material fact and that the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56.  In evaluating such a motion, all facts must be

viewed in the light most favorable to the non-moving party, drawing all reasonable inferences in

that party's favor.  Where the non-moving party fails sufficiently to establish the existence of an

essential element of its case on which it bears the burden of proof at trial, there is not a genuine

dispute with respect to a material fact and the moving party is entitled to judgment as a matter of

3

law.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The burden is on Plaintiff to prove each element of his causes of action, not on Defendant to refute Plaintiff's claims.  *See, e.g., Marini v. Adamo*, 995 F. Supp. 2d 155, 178 (E.D.N.Y. 2014).

Here, Plaintiff has no proof to substantiate the assertion in the Complaint – made *before* Plaintiff had conducted any testing – that A&W Root Beer and A&W Cream Soda are not made with real vanilla.[1]  Plaintiff did not test the vanilla flavorings used in the beverages.  Plaintiff's own expert concedes that without testing the flavorings, *there is no way to determine* whether the vanillin in A&W Root Beer and A&W Cream Soda is derived from real vanilla beans other than perhaps by using an isotopic ratio test – an expensive test that Plaintiff did not employ.  The GCMS testing that Plaintiff commissioned is inconclusive; Plaintiff's own expert concedes that that Plaintiff's testing does not establish whether natural vanilla is or is not an ingredient in A&W Root Beer or A&W Cream Soda.  Asked whether she agreed with Mr. Krueger's conclusion that both A&W Root Beer and A&W Cream Soda contain natural vanilla as an ingredient, Plaintiff's own expert all but admitted that summary judgment should be entered in favor of Defendants: **"There's no proof that there is.  There is no proof that there is not."** SOMF ¶ 29.

Plaintiff has not met his burden of proving the absence of real vanilla in the A&W beverages.  That alone should end the matter.  Defendants, however, by testing the flavoring ingredients themselves – a superior means of testing, as Plaintiff's own expert admits – have

---

[1]      The labels say "made with aged vanilla," which refers to real vanilla beans that have been cured.  SOMF ¶ 2.

4

conclusively established that both A&W Root Beer and A&W Cream Soda *do* contain real vanilla.  Because the "made with aged vanilla" labeling is undisputedly factually accurate, Plaintiff cannot state a claim and summary judgment must be entered in Defendants' favor.  *See, e.g., Reyes v. Crystal Farms Refrigerated Distrib. Co*., 2019 U.S. Dist. LEXIS 125971, *8 (E.D.N.Y. July 26, 2019) (product labeled as being "made with real butter" could not be misleading because the product did, in fact, contain real butter – even though it also contained margarine); *Solak v. Hain Celestial Group, Inc*., 2018 U.S. Dist LEXIS 64270, *9 (N.D.N.Y. April 17, 2018) ("[I]t it is in no way misleading for Defendant to call the Product 'Veggie' straws, since that label truthfully captures the fact that Defendant uses vegetable-based products in the Straws' recipe.  This is true even if certain of the Primary Ingredients are only present in the Product in 'trace amounts.'  By labeling the Product 'Veggie' straws, Defendant makes no claim as to the amount or proportion of 'Veggie' products incorporated in the Straws.  On the contrary, that label simply presents the consumer with a factually true statement—that the Straws are somehow derived from vegetable-based products.").[2]

*Mantikas v. Kellogg Co*., 910 F.3d 633 (2d Cir. 2018), does not suggest a contrary conclusion.  *Mantikas* involved Cheez-It crackers labeled, in large print, "WHOLE GRAIN."  The defendant also sold "original" Cheez-It crackers that were not labeled as containing whole grain.  The variety emblazoned with "WHOLE GRAIN" in large print actually contained more

---

[2]     The A & W Root Beer and A & W Cream Soda labels also conspicuously state, in multiple locations, that the beverage contain "natural and artificial ingredients," dispelling any confusion.  SOMF ¶¶ 33 - 34.  *See, e.g., Reyes*, 2019 U.S. Dist. LEXIS 125971, *8 - *9 (To the extent that including a label on a mashed-potatoes package indicating that the product is 'made with real butter' may create confusion as to whether the mashed potatoes also contain margarine, such confusion is sufficiently dispelled by the ingredients label on the back of the package, which states twice—and once in bold font set apart from the rest of the items listed in the ingredients label—that the product contains margarine.").

enriched white flour than whole grain flour.  The Second Circuit held that, even though the

"WHOLE GRAIN" crackers did, in fact, contain some whole grain, the plaintiff could plausibly

claim that the product labels "communicate to the reasonable consumer that the grain in the

product is predominantly, if not entirely, *whole* grain.  Contrary to the reasonable expectations

communicated by the large, bold-faced claims of 'WHOLE GRAIN,' however, the grain in the

product is predominantly enriched white flour."  *Mantikas*, 910 F.3d at 637 (emphasis in

original).  Unlike the crackers in *Mantikas*, no reasonable consumer would conclude that A&W

Root Beer or A&W Cream Soda are made predominantly of vanilla – or, for that matter, that

either beverage contains a particular amount of vanilla.  (Importantly, neither beverage is a

"vanilla" soda; rather, they are labeled as, and taste like, root beer and cream soda.)  The unique

features of *Mantikas* – a deliberate contrast between "WHOLE GRAIN" and "original" crackers,

the fact that consumers would expect grain to be the primary ingredient of crackers, and the

"large, bold-faced claims of 'WHOLE GRAIN'" suggesting that whole grain flour was the

predominant ingredient – are wholly lacking here.  Just as the Judge Garaufis found *Mantikas*

inapplicable on the facts in *Reyes*, the absence of any suggestion of predominance of vanilla in

A&W Root Beer and A&W Cream Soda renders *Mantikas* inapplicable here, as well.

## III.    CONCLUSION

Because Plaintiff cannot meet his burden of establishing that the A&W beverages do not

contain real vanilla, summary judgment must be granted in favor of Defendants.

Dated:  December 23, 2019

Respectfully submitted,

/s/ Creighton R. Magid
Creighton R. Magid (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W., Suite 900
Washington, D.C.  20005
Phone: (202) 442-3555
Fax: (202) 442-3199
magid.chip@dorsey.com

Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile:  (646) 607-8476
baksh.elizabeth@dorsey.com

*Attorneys For Defendants A&W CONCENTRATE COMPANY AND KEURIG DR PEPPER INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I caused copies of the foregoing

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY

JUDGMENT and supporting DECLARATIONS to be filed with the Clerk of Court using the

CM/ECF system which will send notification of the filing to all counsel of record.

By:   /s/ Creighton R. Magid
Creighton R. Magid

7