**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LASHAWN SHARPE, *individually and on behalf of all others similarly situated*,<br><br>                                        Plaintiff,<br><br>                - against -<br><br>A & W CONCENTRATE COMPANY *and* KEURIG DR PEPPER INC.,<br><br>                                        Defendants. | No. 1:19-cv-00768-BMC<br><br><br>**PLAINTIFF'S MEMORANUDM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF THE FACTS NOT IN DISPUTE.........................................................3

STANDARD FOR SUMMARY JUDGMENT...................................................................4

LEGAL ARGUMENT........................................................................................................5

   I.     DEFENDANT'S LABELING OF THE PRODUCTS VIOLATES FDA RULES .........5

CONCLUSION..................................................................................................................9

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ................................................................................................. 4

*Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003) .................................................................. 7

*Hadley v. Kellogg Sales Company*, case no. 16-cv-04955-LHK,
2019 WL 3804661 (N.D. Cal. 2019) ...................................................................... 15

*Karlin v. IVF Am., Inc. et. al*, 93 N.Y.2d 282 (1999) ..................................................... 6

*Mantikas v. Kellogg Co.*,  910 F.3d 633 (2d Cir. 2018) ................................................ 16

*Mennen Co. v. Gillette Co.*,  565 F. Supp. 648 (S.D.N.Y. 1983) .................................. 21

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
 623 N.Y.S.2d 529 (1995) ...................................................................................... 6, 7

*People v. General Elec. Co.*, 756 N.Y.S.2d 250 (1st Dep't 2003) ................................. 7

*Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*,  345 F. Supp. 3d 1111 (N.D. Cal. 2018) .............. 16

**FOOD AND DRUG ADMINISTRATION RULES**

21 U.S.C. § 101.22 ................................................................................................. passim
21 U.S.C. § 169.175 ....................................................................................................... 3
21 U.S.C. § 182.60 ..................................................................................................... 4, 6
21 U.S.C. § 341 .............................................................................................................. 5

**STATUTES**

N.Y. Gen. Bus. Law § 349 ..................................................................................... passim
N.Y. Gen. Bus. Law § 350 ..................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56............................................................................................................ 4

Plaintiff Lashawn Sharpe ("Plaintiff") respectfully submits the following memorandum of law in support of Plaintiff's motion for summary judgment on the issue of liability against defendants A & W Concentrate Company and Keurig Dr. Pepper Inc. ("Defendants").

Specifically, Defendants' labeling of its A & W Root Beer and A & W Cream Soda (the "Products") violate the rules established by the Food and Drug Administration ("FDA") governing representations on food labeling regarding vanilla.  Because Defendants are in violation of the FDA's rule, they are in violation of the consumer laws asserted in this case.  Accordingly, as courts have done in similar cases where a defendant has mislabeled its product in violation of FDA rules, summary judgment should be entered against Defendants finding them in violation of the consumer protection laws asserted here.

## PRELIMINARY STATEMENT

Consumers want the vanilla in vanilla flavored products to come a real source – *i.e.,* from vanilla beans.  But the reality is vanilla beans are in high demand but in limited supply.  This results in companies adulterating their purported vanilla flavored products with cheap synthetics and substitutes such as ethyl vanillin – a substance manufactured in factories from synthetic chemicals and not from vanilla beans.  As a result, vanilla fraud is rampant.

In order to combat this fraud, the FDA has strict rules regarding use of the term "vanilla" on the labels of food products.  Specifically, only vanilla flavor derived from the vanilla bean is allowed to be labelled "Vanilla" without any qualifiers.  If the vanilla flavor comes in any part from non-vanilla bean sources, the FDA mandates that the label must so inform consumers. Sources of vanilla flavor, which are not from the vanilla bean but still considered "natural," are allowed to be called "Vanilla Flavored" or "Natural Vanilla Flavor."  *See* 21 U.S.C. §101.22(i)(1)(i)-(iii).  This include non-vanilla bean "natural sources" of vanilla such as the anal

1

gland of beavers (referred to as castoreum) or wood pulp (referred to as lignin) that purported taste like vanilla.

Vanilla flavoring can also come from an artificial source, such as ethyl vanillin. *See* 21 C.F.R. § 182.60 (listing ethyl vanillin as a "Synthetic flavoring substances and adjuvants"). If the vanilla flavor comes in any part for an artificial source, the label must state either "Artificial Vanilla" or "Artificially Flavored Vanilla," or "Vanilla Artificially Flavored." *See* 21 C.F.R. § 101.22(i)(2) ("the name of the characterizing flavor shall be accompanied by the word(s) 'artificial' or 'artificially flavored,' in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., 'artificial vanilla,' 'artificially flavored strawberry,' or 'grape artificially flavored').

The limited expert discovery in this matter has revealed that the vanilla flavor in Defendants' "Made With Aged Vanilla" Products are based, at least in part, on artificial flavoring – ethyl vanillin.  The Products therefore are in violation of the FDA rule governing the labeling of vanilla flavored products because they fail to qualify the "Made with Aged Vanilla" statement to indicate that part of the flavoring is from an artificial source.  Violation of the FDA regulations is, in turn, a *per se* violation of the consumer protection statutes at issue here.  Accordingly, summary judgment must be entered on behalf of Plaintiff against Defendants.

## **STATEMENT OF FACTS NOT IN DISPUTE**

### **Vanilla Flavor from the Vanilla Bean**

Vanilla come from an orchid plant originated in Mexico where it was first cultivated.  The vanilla orchid produces a fruit pod, the vanilla bean, which is the raw material for true vanilla flavorings. The vanilla bean is not consumed by itself.  It is necessary to scrape the seed from the pod, infuse it, or extract it. Vanilla extracts are considered the product type most equivalent to vanilla and are defined by regulations as solution in aqueous ethyl alcohol of the sapid and odorous principles extractible from vanilla beans. *See* 21 C.F.R. § 169.175 ("Vanilla extract.")

### **Defendants' Labeling of Its Products**

Defendants labels their Products as "Made with Real Aged Vanilla" as follows:



See Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts ("Plaintiff's 56.1 Statement") at ¶¶ 1,2, 6, 7.

3

As seen above, Defendants' Products do not state "Artificial Vanilla" or "Artificially Flavored Vanilla," or "Vanilla Artificial Flavored." Plaintiff's 56.1 Statement at ¶¶ 3, 8.

**The Source of Defendants' Vanilla Flavor Is Artificial Ethyl Vanillin**

The limited discovery conducted to date in this case has revealed that the vanilla flavoring in the Products, as sold to consumers, does not come from vanilla bean or vanilla extract but rather comes from ethyl vanillin, which is an artificial ingredient used as a cheap substitute for vanilla extract. *See* Declaration of Michael R. Reese in Support of Motion for Summary Judgment ("Reese Decl."), Exhibit A, September 12, 2019 Expert Report of Daphna Havkin-Frenkel ("Frenkel Report"), at ¶ 40 ("To the extent the Root Beer Products may taste similar to the flavor imparted by vanilla beans, this is likely due to the presence and relative amount of ethyl vanillin, covering an area of 0.71 %."), ¶ 44 ("The proportion of ethyl vanillin in the Cream Soda Products is more than ten (10) times the vanillin content, based on the relative area covered by their respective peaks - 4.61 % to 0.29%."); and, Exhibit 1 to Frenkel Report (Alliance Technologies Analysis of A&W Root Beer and Cream Soda for Vanilla Flavors concluding that ethyl vanillin is present in A & W Root Beer and A & W Cream Soda); Plaintiff's 56.1 Statement at ¶¶ 4, 5,9, 10; 21 C.F.R. § 182.60 (listing ethyl vanillin as a one of several "Synthetic flavoring substances and adjuvants").

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that a court may grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party opposing a motion for summary judgment must show there is an issue of material fact that is in dispute and set forth specific facts showing there is a genuine issue for trail. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *see also* FED. R. CIV. P. 56(c).

**LEGAL ARGUMENT**

**I.     DEFENDANTS' LABELING OF THE PRODUCTS VIOLATES FDA RULES**

Section 401 of the Federal Food, Drug and Cosmetic Act ("FFDCA") directs the FDA through notice and comment rulemaking to establish standards and rules for food labeling where necessary to promote honesty and fair dealing in the interest of consumers.  21 U.S.C. §341.  The authority granted by Congress to the FDA enables the agency to combat an economic problem: the marketing of foods from which traditional constituents were removed or in which new or different (often cheaper and artificial) ingredients were substituted.

Defendants' "Made With Aged Vanilla" statement represents that one of the "characterizing flavor" of the Products is vanilla. *See* 21 C.F.R. § 101.22(i) ("If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor"). However, uncontested expert evidence developed in this case reveal that the vanilla flavoring in the Products comes from, at least in part, non-vanilla bean sources. Specifically, the Products contain ethyl vanillin, which is an artificial flavor that ***does not come from vanilla beans***.  *See* Frenkel Report at  ¶ 40 ("To the extent the Root Beer Products may taste similar to the flavor imparted by vanilla beans, this is likely due to the presence and relative amount of ethyl vanillin, covering an area of 0.71 %."), ¶ 44 ("The proportion of ethyl vanillin in the Cream Soda Products is more than ten (10) times the vanillin content, based on the relative area covered by their respective peaks - 4.61 % to 0.29%."); Exhibit A to Frenkel Report (laboratory report of Alliance Technologies evidencing that ethyl vanillin is present in A & W Root Beer and A & W

5

Cream Soda); Plaintiff's 56.1 Statement at ¶¶ 4,5,9,10; 21 C.F.R. § 182.60 21 C.F.R. § 182.60

(listing ethyl vanillin as a one of several "Synthetic flavoring substances and adjuvants").

This fact by itself – that some of the vanilla flavoring comes from an artificial source (*i.e.*

ethyl vanillin) – is enough for this Court to enter summary judgment on behalf of Plaintiff.

Whether or not the product may contain some small amount of vanilla from vanilla bean – a fact

that Defendant may assert but that Plaintiff strongly contest – is irrelevant for entry of summary

judgment against Defendant on this issue. Defendant's failure to indicate on the front label that

the vanilla is "Artificially Flavored," when there is ethyl vanillin in the Products is a violation of

FDA rules.

21 C.F.R. § 101.22(i) governs here and requires that where an "artificial flavor which

simulates, resembles or reinforces the characterizing flavor…the name of the characterizing flavor

shall be accompanied by the word(s) 'artificial' or 'artificially flavored,' in letters not less than

one-half the height of the letters in §the name of the characterizing flavor, e.g., 'artificial vanilla,'

'artificially flavored strawberry,' or 'grape artificially flavored.'") Here, it is undisputed that

Defendants do not make the required disclosure of the artificial flavor that supplies the vanilla

flavor to the Products is not present. Instead, they label their Products "Made With Aged Vanilla."

This is a violation of the FDA rules that govern here.

New York's highest court has recognized that General Business Law ("GBL") §§ 349 and

350 are founded on the overarching belief that "[c]onsumers have the right to an honest market

place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund*

*v. Marine Midland Bank, N.A.*, 623 N.Y.S.2d 529, 532 (1995) (internal citation omitted). "These

statutes on their face apply to virtually all economic activity, and their application has been

correspondingly broad." *Karlin v. IVF Am., Inc., et. al.,* 93 N.Y.2d 282, 290 (1999). "The reach of

these statutes provide[s] needed authority to cope with the numerous, ever-changing types of false and deceptive business practices which plague consumers in our State." *Id.* at 291 (alteration in original) (quotation marks and citation omitted).

Thus, to prevail on their GBL claims, Plaintiff needs only provide proof of a deceptive act or practice and not "proof that a statement is false." *Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003); *see also People v. General Elec. Co.*, 756 N.Y.S.2d 520 (1st Dep't 2003) (explaining that "literal truth is not an availing defense"). Additionally, there is no requirement that plaintiff prove that defendant's practices or acts were intentional, fraudulent or even reckless. Nor does plaintiff have to prove reliance upon defendant's deceptive practices. *Oswego*, 623 N.Y.S.2d at 532-33; *Mennen Co. v. Gillette Co.*, 565 F. Supp. 648, 655 (S.D.N.Y. 1983).

Courts have repeatedly found that violation of any statute, law, or regulation serves as a *per se* violation of GBL § 349 or similar consumer protection statues. *See e.g. Amiekumo v. Vanbro Motors, Inc.*, 3 Misc. 3d 1101(A) ( Richmond Civ. 2004 ) ("While G.B.L. § 396-t does not provide a private right of action for consumers it is has been held that a violation of G.B.L. § 396-t is a per se violation of G.B.L. § 349 thus entitling the recovery of actual damages or $50 whichever is greater, attorneys and costs.").

The case of *Hadley v. Kellogg Sales Company*, case no. 16-cv-04955-LHK, 2019 WL 3804661 (N.D. Cal. 2019) is instructive. In that case, the plaintiff argued that the defendant's labeling of its cereal boxes violated FDA rules and regulations, and, as a result, was a *per se* violation of the consumer law such that Plaintiff was entitled to summary judgment. The district court agreed and entered summary judgment against the Defendant for its violation of the FDA rules. As explained by the district court:

7

> In summary, the Court finds that Kellogg's Statement 1 violates 21 C.F.R. § 101.71(a), and thus violates the FDCA. The Court also finds that Kellogg's Statement 2 violates 21 C.F.R. § 101.14(e), and thus violates the FDCA. Kellogg's Statement 1 and Statement 2 are therefore also in violation of California's Sherman Law. See Cal. Health & Safety Code § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act ... shall be the food labeling regulations of this state."). Accordingly, Kellogg violated and is liable under the UCL's[1] "unlawful" prong with respect to Statement 1 and Statement 2. Thus, the Court GRANTS Plaintiff's motion for partial summary judgment.

*Hadley*, 2019 WL 3804661, at \*24.

Finally, it should be noted that this is not the first time that Defendants have made representations regarding its beverages that violate the law.  Indeed, in a case with very similar facts to those asserted here, Defendants stated that its ginger ale beverages were "Made with Real Ginger."  In that case, Defendants lost a motion to dismiss; lost on summary judgment; and lost contesting class certification.  Defendants ultimately settled that matter, refunding consumers. *See Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F.Supp.3d 1111 (N.D. Cal. 2018).

In sum, because Defendants' labeling of its product violates FDA rules, summary judgment should be entered against Defendants.

---

[1] California's consumer protection statutes are comparable to those of New York. *See Mantikas v. Kellogg Co.*, 910 F.3d 633, 637(2d Cir. 2018)(applying California consumer law standard to New York consumer protection law, holding that the district court erred and reversing district court).

## CONCLUSION

For the reasons stated above, summary judgment should be entered on behalf of the

Plaintiff against Defendant on the issue of liability.

Respectfully submitted,

Dated:  December 23, 2019

**REESE LLP**

By:  */s/ Michael R. Reese*
    Michael R. Reese
    *mreese@reesellp.com*
    100 West 93rd Street, 16th Floor
    New York, New York 10025
    Telephone: (212) 643-0500
    Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
 *spencer@spencersheehan.com*
505 Northern Blvd., Suite 311
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:   (516) 234-7800

*Counsel for Plaintiff and the Class*

9