UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lashawn Sharpe, individually and on behalf of all other similarly situated,<br><br>                    Plaintiff,<br><br>    -against-<br><br>A&W Concentrate Company and Keurig Dr Pepper Inc.,<br><br>                    Defendants. | Case No.: 1:19-cv-00768 (BMC)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Creighton R. Magid (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W., Suite 900
Washington, D.C.  20005
Phone: (202) 442-3555
Fax: (202) 442-3199
magid.chip@dorsey.com

Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile:  (646) 607-8476
baksh.elizabeth@dorsey.com

Dated:  January 31, 2020

*Attorneys For Defendants A&W CONCENTRATE COMPANY AND KEURIG DR PEPPER INC.*

Plaintiff commenced this case claiming that A&W Root Beer and A&W Cream Soda are not made with real vanilla. Tellingly, Plaintiff now backs off that assertion and instead seeks summary judgment on a claim not asserted in his Complaint: that the product labels somehow violate federal labeling regulations by stating that they are "naturally and artificially flavored" and contain "natural and artificial flavors" rather than Plaintiff's suggestion of "Artificial Vanilla" or "Artificially Flavored Vanilla." Not only does Plaintiff assert a new, unpleaded theory, but it is based entirely on a misreading of the relevant regulations. Because the products' labeling fully comports with the applicable regulations, Plaintiff's motion for summary judgment must be denied.

## ARGUMENT

Plaintiff claims that A&W Root Beer and A&W Cream Soda – both of which are conspicuously labeled as being "naturally and artificially flavored" and both of which state on the Nutrition Facts Label on bottles and cans of A&W Root Beer state that they contain both "natural and artificial flavors"[1] – violate federal labeling regulations because they do not specifically annex the word "artificial" to the word "vanilla." This allegation appears nowhere in the Complaint, however, precluding summary judgment. Further, Plaintiff simply misapprehends the relevant regulations: there is no basis in fact or law for Plaintiff's assertion that the labels of A&W Root Beer and A&W Cream Soda must specifically identify "artificial vanilla."

Where, as here, a party raises a claim for the first time on a motion for summary judgment, the motion must be denied. *See, e.g., McNeil v. Aguilos*, 831 F. Supp. 1079, 1086 (S.D.N.Y. 1993); *see also Rivera v. Inc. Vill. of Farmingdale*, 924 F. Supp. 2d 440, 443

---

[1] *See* Exhibits A and B to the Declaration of Creighton R. Magid.

2

(E.D.N.Y. 2013) (claims not pleaded in the complaint also may not be considered in opposition to summary judgment).  There is no claim in the Complaint that 21 C.F.R. § 101.22(i) requires the beverages to be labeled with the words "artificial vanilla" or "artificially flavored vanilla" merely because the products contain ethyl vanillin in addition to vanilla.  For this reason alone, Plaintiff's motion for summary judgment must be denied.

Moreover, nothing in 21 C.F.R. § 101.22(i) suggests that A&W Root Beer or A&W Cream Soda should be labeled as Plaintiff claims.  Section § 101.22(i) pertains to a food's "characterizing flavor," which the regulation describes as "direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means."  21 C.F.R. § 101.22(i).  As an example, the regulation identifies strawberries in strawberry shortcake to be the "characterizing flavor."  *See* 21 C.F.R. § 101.22(i)(1)(i).  Similarly, a seller of vanilla wafers containing artificial vanilla would have to label the vanilla wafers as containing "artificial vanilla."  But neither root beer nor cream soda is a "characterizing flavor."  In fact the Food and Drug Administration made this plain when it promulgated 21 C.F.R. § 101.22(i).[2]  The Commissioner of the Food and Drug Administration, in Preamble Comment No. 8 to the regulation, noted that what constituted a representation of a "characterizing flavor" could not be precisely defined, but did make clear that the names of soft drinks were not to be construed as characterizing flavors:

> The Commissioner concludes that it is not possible to set out all circumstances under which a flavor representation is or is not implied.  Any use of a vignette showing a fruit or vegetable clearly constitutes such a representation. *Designation of a soft drink as a "cola" beverage or ginger ale or root beer, or with well-recognized proprietary brand names, does not constitute a flavor representation.*  On the other hand, use of a specific fruit flavor in the food name,

---

[2]  21 C.F.R. § 101.22(i) originally was codified as 21 C.F.R. § 1.12(i).  *See* 38 Fed. Reg. 33284 (Dec. 3, 1973).  It was recodified as 21 C.F.R. § 101.22(i) on March 15, 1977.  *See* 42 Fed. Reg. 11302 (Mar. 15, 1977).

3

such as "orange soda," does constitute such a representation and requires compliance with § 1.12(i).

38 Fed. Reg. 33285 (Dec. 3, 1973) (emphasis added).

"Root beer" and "cream soda" are, by their very nature, combinations of many different flavors.  They are not, as Preamble Comment No. 8 makes clear, "characterizing flavors."  The requirements of 21 C.F.R. § 101.22(i) do not apply.  There is no regulation or statute requiring anything more than identification of the beverages as being "naturally and artificially flavored," and certainly no requirement that they be labeled as containing "artificial vanilla."  Because there is no basis for Plaintiff's claim, Plaintiff's motion for summary judgment must be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's cross-motion for summary judgment must be denied.

Dated:  January 31, 2020

Respectfully submitted,

/s/ Creighton R. Magid
Creighton R. Magid (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W., Suite 900
Washington, D.C.  20005
Phone: (202) 442-3555
Fax: (202) 442-3199
magid.chip@dorsey.com

Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile:  (646) 607-8476
baksh.elizabeth@dorsey.com

*Attorneys For Defendants A&W CONCENTRATE COMPANY AND KEURIG DR PEPPER INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I caused copies of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT to be filed with the Clerk of Court using the CM/ECF system which will send notification of the filing to all counsel of record.

By: /s/ Creighton R. Magid
Creighton R. Magid