**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LaShawn Sharpe, et al., *individually on behalf*
*of himself and all others similarly situated*,

                                    Plaintiffs,

            – against –

A&W Concentrate Company
and Keurig Dr. Pepper Inc.,

                                    Defendants.

No. 19-cv-00768-BMC

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION**
**TO DISMISS THE AMENDED**
**COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................ 1

FACTUAL BACKGROUND ............................................................................... 2

LEGAL STANDARDS ...................................................................................... 5

ARGUMENT .................................................................................................... 6

I. THE AMENDED COMPLAINT SETS FORTH PLAUSIBLE BASES FOR RELIEF ..................................................................................................... 6

A. Plaintiffs Have Never Conceded that Defendants' Representation Is Truthful and the Amended Complaint Alleges Otherwise ........................................................ 6

B. The So-Called Disclaimer Is Insufficient to Correct or Clarify the Misleading Statement on the Front of the Packaging ................................................... 7

C. Plaintiffs Have Sufficiently Alleged Actionable Deception .................................. 8

D. Plaintiffs' Survey Evidence Further Supports Their Allegations of Actionable Deception ......................................................................................... 12

II. PLAINTIFFS SUFFICIENTLY ALLEGE VIOLATIONS OF FDA REGULATIONS, BUT DO NOT RELY SOLELY ON THOSE VIOLATIONS FOR THEIR GBL CLAIMS .................................................................... 13

III. PLAINTIFFS HAVE STANDING TO SEEK INJUNCTIVE RELIEF .............. 15

CONCLUSION ................................................................................................ 17

i

## **TABLE OF AUTHORITIES**

### **Cases**

*Ackerman v. Coca-Cola Co.*, No. 09-cv-00395 DLI,
   2013 WL 7044866 (E.D.N.Y. July 18, 2013) ........................................................ 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................... 5

*Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015) .................... 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 5, 12

*Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003) ............................................................... 9

*Branca v. Nordstrom, Inc.*, No. 14-cv-2062 MMA,
   2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) ....................................................... 12

*Campbell v. Freshbev LLC*, 322 F.Supp.3d 330 (E.D.N.Y. 2018) .............................. 16

*Comfort v. Ricola USA, Inc.*, No. 19-cv-6089 CJS,
   2019 WL 6050301 (W.D.N.Y. Nov. 15, 2019) ..................................................... 11

*D'Addario v. D'Addario*, 901 F.3d 80 (2d Cir. 2018) .................................................. 5

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) .............................. 15

*Dumont v. Reilly Foods Company,* 934 F. 3d 35 (1st Cir. 2019) ................................... 8

*Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437 (2d Cir. 2015) ..................... 5, 7

*Izquierdo v. Panera Bread Co.*, No. 18-CV-12127 VSB, __ F.Supp3d __,
   2020 WL 1503557 (S.D.N.Y. Mar. 30, 2020) ................................................. 10, 11

*Jackson-Mau v. Walgreen Co.*, No. 18-cv-4868 FB,
   2019 WL 5653757 (E.D.N.Y. Oct. 31, 2019) ...................................................... 15

*Joseph  v. J.M. Smucker Co.*, No. 17-CV-8735 FMO,
   2019 WL 1219708 (C.D. Cal. Mar. 13, 2019) ...................................................... 12

*Mantikas v. Kellogg Company*, 910 F.3d 633 (2d Cir. 2018) .............................. passim

*Reyes v. Crystal Farms Refrigerated Distribution Co.*, 18-CV-2250 NGG,
   2019 WL 3409883 (E.D.N.Y. July 26, 2019) ................................................. 12, 13

*Rich v. Fox News Network, LLC*, 939 F.3d 112 (2d Cir. 2019) ..................................... 5

*Sarr v. BEF Foods, Inc.*, No. 18–CV-06409 ARR,
  2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ............................................................ 12

*Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17–CV-02713 JAK ,
  2017 WL 9362139 (C.D. Cal. 2017) ....................................................................... 12

*Solak v. Hain Celestial Group, Inc.,* No. 17-CV-0704 LEK,
  2018 WL 1870474 (N.D.N.Y. April 17, 2018) ......................................................... 11

*Stoltz v. Fage Dairy Processing Industry, S.A.*, No. 14–CV–3826 MKB
2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ............................................................. 8

*Sung Cho v. City of New York*, 910 F.3d 639 (2d Cir. 2018) ......................................... 5

*Wai Chu v. Samsung Electronics America, Inc.*, No. 18-CV-11742 GHW,
  2020 WL 1330662 (S.D.N.Y. March 23, 2020) ....................................................... 15

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008) .................................... 7, 8

## **Statutes**

New York General Business Law Section 349 ............................................................. 5, 13

New York General Business Law Section 350 ............................................................. 5, 13

## **Regulations**

21 C.F.R.101.22(i)(2) ..................................................................................................... 14

Plaintiffs LaShawn Sharpe, Jim Castoro and Christine Cooney (collectively, "Plaintiffs") respectfully submits the following in opposition to the filing of Defendants A&W Concentrate Company and Keurig Dr. Pepper Inc., (collectively, "Defendants"). For the reasons stated below, the Court should deny Defendants' motion in its entirety.

## PRELIMINARY STATEMENT

Although Defendants couch its filing as a "supplemental memorandum of law," Defendants asks this Court to dismiss Plaintiffs' Amended Complaint for "fail[ure] to state a claim upon which relief may be granted." Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Amended Complaint, Dkt 36, ("Def. Supp. Mem.") at 1, 14. Accordingly, Defendants' filing is effectively a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), yet Defendants clearly fail to meet the standard for such a motion. By declining to focus on the factual assertions in the Amended Complaint, Def. Supp. Mem. at 1, they attempt to sidestep the allegations in the Amended Complaint, which readily sets plausible bases for relief.

The Amended Complaint alleges that Plaintiffs were led to believe, based on Defendants' front label claim, "Made With Aged Vanilla," that the vanilla flavor of the Defendants' A&W root beer and cream soda ("Products") come from the vanilla plant. Amended Class Action Complaint (Am. Comp.), Dkt 35, at ¶¶ 42-44. In their Supplement Memorandum, Defendants state that Plaintiffs concede that the Products contain some aged vanilla. Def. Supp. Mem. at 1, fn. 1 ("Plaintiffs now concede that aged vanilla is an ingredient in both A&W Root Beer and A&W Cream Soda"). Defendants' assertion is false. ***Plaintiffs have never conceded that the Products are made with aged vanilla.*** To the contrary, the Amended Complaint alleges that Plaintiffs were misled by the Product label because scientific testing of the Products "revealed that the predominant, if not exclusive, source of the vanilla flavor is ethyl vanillin," which "is an artificial,

1

synthetic ingredient that is used as a cheap, inferior substitute for vanilla." *Id.* at ¶¶ 5-6. Plaintiffs allegations thus fit squarely within the Second Circuit's decision in *Mantikas v. Kellogg Company*, 910 F.3d 633, 638-39 (2d Cir. 2018), which held that highlighting an ingredient on the front label plausibly can mislead a reasonable consumer even if the highlighted ingredient is present in the product but not in the quantity expected by the reasonable consumer. In other words, the mere presence of the ingredient at issue does ***not*** validate deceptive advertising and labeling. *Mantikas*, 910 F.3d at 638-39.

That a reasonable consumer would be misled by the Product's packaging is bolstered by Plaintiffs' allegation that in a survey conducted in March of 2020 of 411 consumers, who were shown the Products' front label, ***89%*** stated that the "Made With Aged Vanilla" on the Product label meant that the Product was vanilla flavored and ***68%*** interpreted the statement on the label to mean that the vanilla flavor comes exclusively, if not predominantly, from the vanilla plant. *Id.* at ¶¶ 3-4, 20-21. The Court must accept the survey results as true and consider it in the light most favorable to Plaintiff, as the Court must do with all of Plaintiffs' other factual allegations.

Thus, Plaintiffs respectfully ask this Court to deny Defendants' motion to dismiss because the Amended Complaint pleads factual allegations that allow this Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.

## **FACTUAL BACKGROUND**

As the Product images below show, Defendants prominently make the claim "Made With Aged Vanilla" on the front label panel of its Products, thereby cultivating a wholesome and natural image in an effort to promote the sale of their soft drinks. Am. Comp. at ¶ 19.

2






Consumers want the vanilla in vanilla flavored products to come from a real source, *i.e.*, from vanilla beans from the vanilla plant. *Id.* at ¶ 28. The representation "Made With Aged Vanilla" causes consumers, like Plaintiffs, to believe that the Products are vanilla flavored and the vanilla flavor comes exclusively, if not predominantly, from the vanilla plant. *Id.* at ¶¶ 3–4. Consumers are accustomed to products labeled with "vanilla" without "artificial vanilla" qualifiers to mean that the vanilla flavor comes from the vanilla plant. *Id.* at ¶ 32. Consumers reasonably believe that the "Made With Aged Vanilla" means that, with respect to the vanilla flavor, the flavor is a natural flavor that comes from the vanilla plant. *Id.* at ¶ 33.

 Unfortunately for consumers, the "Made With Aged Vanilla" representation is false and misleading. Specifically, scientific testing of the products in August of 2019 by Alliance Technologies revealed that the vanilla flavoring of the Products does not come exclusively or predominantly from the vanilla plant. Rather, the opposite is true. The testing revealed that the predominant, if not exclusive, source of the vanilla flavor is from ethyl vanillin. Ethyl vanillin does not come from the vanilla plant at all, but rather is an artificial, synthetic ingredient that is used as a cheap, inferior substitute for vanilla. *Id.* at ¶¶ 22-23. Given the total absence of the non-vanillin marker compounds and the high level of ethyl vanillin, if the Products contains any real vanilla at all, it is in trace or *de minimis* amounts not detectable by even advanced scientific means. *Id.* at ¶ 26.

As a result of the misleading labeling at issue, the Products are sold at a premium price, as compared to similar competing products. *Id.* at ¶ 36.

Plaintiffs Sharpe, Castoro, and Cooney each purchased a Product bearing the "Made With Aged Vanilla" statement on the front labeling. *Id.* at ¶¶ 42-44. They each saw the "Made With Aged Vanilla" representation. *Id.* They each relied on that representation in believing that the

4

Products were vanilla-flavored and that the vanilla flavor came from the vanilla plant. *Id.* Each Plaintiff would purchase the Product again in the future "[i]f the Products were reformulated such that the vanilla flavor came exclusively from the vanilla plant, or the Products were not deceptively labeled." *Id.*

Plaintiffs allege violations of New York General Business Law Section 349 ("GBL § 349") and New York General Business Law Section 350 ("GBL § 350"). They also allege unjust enrichment.  Am. Comp. at ¶¶ 58-79. They seek monetary damages and injunctive relief.

## LEGAL STANDARDS

When considering a motion to dismiss a complaint for failure to state a claim upon which relief may be granted, the court "is required to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible basis for relief." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015). The Court should "draw[ ] all reasonable inferences in [the plaintiff's] favor," *Rich v. Fox News Network, LLC*, 939 F.3d 112, 117 n.2 (2d Cir. 2019); *accord D'Addario v. D'Addario*, 901 F.3d 80, 92 (2d Cir. 2018), and "constru[e] any ambiguities 'in the light most favorable to upholding the plaintiff's claim,'" *Sung Cho v. City of New York*, 910 F.3d 639, 642 n.1 (2d Cir. 2018). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

# ARGUMENT

## I.   THE AMENDED COMPLAINT SETS FORTH PLAUSIBLE BASES FOR RELIEF

Plaintiffs allege that Defendants' "Made With Aged Vanilla" representation on the front of the Products' label is false and misleading because the vanilla flavoring in the Products comes predominantly from ethyl vanillin, an artificial ingredient. Am. Compl. at ¶¶19-26. The Parties agree that the reasonable consumer standard applies to Plaintiffs' claim for false advertising or deceptive business practices under New York law. *See Mantikas*, 910 F.3d at 636.

Defendants make two arguments to support their motion to dismiss. First, Defendants claim **with no proper evidentiary basis** that their "Made With Aged Vanilla" representation is truthful. Def. Supp. Mem. at 7. Second, Defendants contend that their statement "Natural and Artificially Flavored" is sufficient to dispel the deception caused by its "Made With Aged Vanilla." *Id.* Both arguments must be rejected.

### A.   Plaintiffs Have Never Conceded that Defendants' Representation Is Truthful, and the Amended Complaint Alleges Otherwise

Defendants repeatedly state that the vanilla in the Products are from the vanilla plant. *See* Def. Supp. Mem. 2, n. 1 ("As Defendants have previously established, the aged vanilla in A&W Root Bear and A&W Cream Soda is, in fact, vanilla extract – which *does* come from the vanilla plant."), 7 ("As Defendants have already established, and as Plaintiffs now concede, the beverages are, in fact, made with aged vanilla."), 10 ("A&W Root Beer and A&W Cream Soda are, in fact, made with aged vanilla."). Tellingly, Defendants cite to nothing in the record to support this factual assertion. The uncontroverted evidence previously submitted to this Court is that real vanilla is **not** detectable in the Products as sold to consumers. *See* Declaration of Michael R. Reese in Support of Opposition to Motion for Summary Judgment, Dkt 32-1, attaching as Exhibit A,

6

September 12, 2019 Expert Report of Daphna Havkin-Frenkel, and Exhibits B (transcript of deposition of Defendants' expert Dana Krueger).

More importantly for purposes of this motion to dismiss, the Amended Complaint alleges that the laboratory report from Alliance Technologies revealed that the vanilla flavoring in the Products comes from ethyl vanillin, an artificial ingredient and that, *if* any real vanilla is used, it is only in ***trace*** amounts not detectable by advanced scientific means. Am. Comp. at ¶¶ 23, 26. In considering Defendants' requested dismissal of Plaintiffs' Amended Complaint for failure to state a claim upon which relief may be granted, this Court must accept Plaintiffs' allegations as true and consider them in the light most favorable to Plaintiffs. *Galper,* 802 F.3d at 443. Accordingly, Defendants cannot refute Plaintiffs' well-pled allegations in the Amended Complaint with the wholly unsubstantiated statement that the Products are made with aged vanilla.

### B. The So-Called Disclaimer Is Insufficient to Correct or Clarify the Misleading Statement on the Front of the Packaging

The so-called disclosure here does not dispel consumer confusion. In *Mantikas*, the Second Circuit adopted the ruling of the Ninth Circuit: "Reasonable consumers should not be expected to look beyond misleading representations on the front of the box to discover the truth . . . ." 910 F.3d at 637 (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)). To be clear, there is nothing on the packaging or the ingredient list that explicitly states that the Products contain artificial vanilla flavor. Defendants point only to the small print statement, "Natural and Artificially Flavored" to argue that consumers should understand from this that there may be artificial vanilla in the Products. Def. Supp. Mem. at 7-8.

This highly fact-intensive argument reveals just how far Defendants would have this Court stray from well-established standards on a motion to dismiss. Defendants would have this Court determine as a matter of law that, first, reasonable consumers would see the statement "Naturally

and Artificially Flavored," which is in a smaller font and placed in a less conspicuous place on the Product packaging than the "Made With Aged Vanilla" representation, and, second, consumers would understand that the statement pertains to the vanilla flavor as opposed to the other flavors in the Products, which Defendants themselves contend "are comprised of complex mixtures of flavors." Def. Supp. Mem. 7.

Judges have been cautioned against this very type of factual inquiry and the substitution of their reading of packaging, outside the conditions and settings faced by reasonable consumers, for that of the jury's. *See Mantikas*, 910 F.3d 633, 639 ("These are sufficient factual allegations to state a claim that Defendant's conduct was, plausibly deceptive. . . . The district court's conclusion to the contrary was error."); *Williams*, 552 F.3d at 939 (it is "the rare situation in which granting a motion to dismiss is appropriate"); *Dumont v. Reilly Foods Company,* 934 F. 3d 35, 40 (1st Cir. 2019) ("Our dissenting colleague envisions a more erudite reader of labels, . . . armed perhaps with several dictionaries, a bit like a federal judge reading a statute."; reversing dismissal of complaint alleging misleading label). *See also Stoltz v. Fage Dairy Processing Industry, S.A.*, No. 14–CV–3826 MKB, 2015 WL 5579872, at *20 (E.D.N.Y. Sept. 22, 2015) ("at least in some cases, a federal trial judge, with a background and experience unlike that of most consumers, is hardly in a position to declare that reasonable consumers would not be misled . . . resolution of the issue may require surveys, expert testimony, and other evidence of what is happening in the real world") (internal quotation and citation omitted).

This Court should reject Defendants' disclaimer defense on this motion to dismiss.

## C.    Plaintiffs Have Sufficiently Alleged Actionable Deception

Plaintiffs allege that Defendants' "Made With Aged Vanilla" representation on the front of the Products' label is deceptive because the vanilla flavoring in the Products comes predominantly, if not exclusively, from ethyl vanillin, an artificial vanilla flavoring. Am. Compl. at ¶¶19-26.

8

Defendants argue, "A label statement regarding the presence of an ingredient [sic]is truthful and concerns an ingredient that plainly is not the product's primary ingredient, such as the one at issue here, cannot give rise to a claim as a matter of law." Def. Supp. Mem. at 8. As an initial matter, as discussed above, it is contested that Defendants' "Made With Aged Vanilla" representation is true. Defendants contend it is true because the Products might contain a minute amount of vanilla from the vanilla bean. Plaintiffs allege it is not true. Plaintiffs do not concede the Products contain any vanilla, but instead allege that laboratory testing evidences that the vanilla flavoring comes from an artificial source – the synthetic ethyl vanillin. On this basis alone, Defendants cannot argue at this juncture that its "Made With Aged Vanilla" representation is even technically accurate.

But even if Defendants could establish that Defendants' Products, as sold to consumers, contain some minimal quantity of aged vanilla, Defendants asks this Court to validate an argument that the Second Circuit already rejected. The Second Circuit held in *Mantikas* that technical accuracy is not a defense to a claim of deceptive labeling. *Mantikas*, 910 F.3d at 637 (although disclosures on the front of the box "do set forth accurately the amount of whole grain in the crackers per serving, they are nonetheless misleading"). *See also Boule v. Hutton*, 328 F.3d 84, 93 (2d Cir. 2003) (plaintiffs need only provide proof of a deceptive act or practice and not "proof that a statement is false"). Defendants essentially ask this Court to rule contrary to the *Mantikas* decision by allowing Defendants to make any conspicuous, misleading front-label statements regarding an ingredient that Defendants choose to highlight so long as the ingredient is not a "primary" ingredient. The Second Circuit warned that such a rule would open the door to "highly deceptive" practices:

> The rule . . . that, as a matter of law, it is not misleading to state that a product is made with a specified ingredient if that ingredient is in fact present – would validate highly deceptive advertising and labeling [and] would validate highly deceptive marketing.

9

*Mantikas*, 910 F. 3d at 638.

The recent case, *Izquierdo v. Panera Bread Co.*, No. 18-CV-12127 VSB, __ F.Supp3d __, 2020 WL 1503557 (S.D.N.Y. Mar. 30, 2020), is directly on point. The product at issue was the defendant's bagel, which it labeled "Blueberry." The district court concluded that the plaintiff "plausibly alleged that a reasonable consumer is likely to be misled into believing that the Bagel's blueberry content consists solely of real blueberries, when in fact the Bagel contains primarily imitation blueberries with a lesser quantity of real blueberries." *Id.*, at *5. Citing *Mantikas*, the district court explained: "The Second Circuit has found it materially misleading to suggest a product contains a greater portion of a preferred ingredient than it actually does, even where there is a visible ingredients list that states the correct composition of the food." *Id.*, at *6. Thus the court held:

> I find it plausible that, as in *Mantikas*, the "Blueberry" label, in context, falsely implies that the blueberry content is entirely or at least predominantly blueberries whereas in fact, taking Plaintiff's allegations as true, the imitation blueberry component exceeds the real blueberry component.

*Id.* (edits and quotations of *Mantikas* omitted). Here, Plaintiffs similarly allege that the "Made With Aged Vanilla" representation falsely implies that the vanilla content in the Products is entirely or at least predominantly real vanilla, whereas in fact, the fake vanilla component exceeds the real vanilla component.

The *Izquierdo* decision further stated:

> This conclusion is supported by the fact that unlike the above cases – in which even the presence of accurate Nutrition Facts did not overcome misleading labeling – there are no allegations that a customer purchasing the Bagel in-store would have ready access to an ingredients list prior to making a purchase.

*Id.*, at *6. Here, Defendants similarly concede that "the ingredient lists on both beverages specify no particular flavoring, but rather refer to 'natural and artificial flavors.'" Def. Supp. Mem. at 7. In other words, the Products do not list artificial vanilla as an ingredient. Thus, just as in *Izquierdo*, there is nothing on the packaging that confirms to consumers or this Court that the "Made With Aged Vanilla" representation is demonstrably accurate. Indeed, it takes sophisticated testing to learn that the Products contain artificial vanilla. Am. Comp. at ¶¶ 23-26.

The court in *Izquierdo* distinguished *Solak v. Hain Celestial Group, Inc.*, No. 17-CV-0704 LEK,  2018 WL 1870474 (N.D.N.Y. April 17, 2018), cited by Defendants, for the same reasons that it is distinguishable here. First, it predates *Mantikas*. Second, the product's highlighted ingredient – there blueberries; here, vanilla – is alleged to contain imitation content that exceeds the real content. And finally, the *Solak* decision "relied heavily on the presence of an ingredients list on the package because it 'resolve[d] once and for all any ambiguity as to what [a consumer] should expect the bag to contain.'" Thus, *Solak* dealt with a highlighted ingredient that could be verified on an ingredients list, whereas in *Izquierdo* and here the less desirable, artificial ingredient is not readily revealed to the consumer. In any event, *Mantikas* held that a reasonable consumer should not be expected to consult the side of the box to correct misleading information set forth elsewhere in the packaging. *Izquierdo,* 2020 WL 1503557, at 7.  *See also Comfort v. Ricola USA, Inc.*, No. 19-cv-6089 CJS, 2019 WL 6050301, at *4 (W.D.N.Y. Nov. 15, 2019) (*Mantikas* forecloses the defense that the defendant's front label representations are "ambiguous" but that the ambiguity is dispelled through statements on the sides or back of the package). These factual differences distinguish *Solak* and the other cases relied upon by Defendants.[1]

---

[1] Only one of the cases Defendants cite, *Reyes v. Crystal Farms Refrigerated Distribution Co.*, 18-CV-2250 NGG, 2019 WL 3409883 (E.D.N.Y. July 26, 2019), was decided after *Mantikas*. The

### D.      Plaintiffs' Survey Evidence Further Supports Their Allegations of Actionable Deception

Survey evidence is not necessary to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 (notice pleading standard "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). However, "[w]hen consumer survey data is incorporated into a complaint, the Court must presume its truth on a motion to dismiss, even if a defendant has raised colorable arguments as to the reliability of the survey methodology." *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17–CV-02713 JAK, 2017 WL 9362139, at *7 (C.D. Cal. 2017) (internal quotation marks and alterations omitted; denying motion to dismiss); *Joseph  v. J.M. Smucker Co.*, No. 17-CV-8735 FMO, 2019 WL 1219708, at *3 (C.D. Cal. Mar. 13, 2019) (same). Allegations regarding the survey are factual assertions, which must be taken as true as with all other factual allegations in the Amended Complaint. Any weighing of evidence is inappropriate on a motion to dismiss. *Branca v. Nordstrom, Inc.*, No. 14-cv-2062 MMA, 2015 WL 10436858, at *7 (S.D. Cal. Oct. 9, 2015) (rejecting argument regarding lack of survey detail, finding it "premature, as Plaintiff need not prove his claims at the motion to dismiss stage…. The consumer survey data is incorporated into Plaintiff's SAC, therefore the Court must presume its truth.").

---

*Reyes* court indicated that the front label statement highlighting butter, which was at issue in that case, would likely be misleading under *Mantikas* if the plaintiff could allege that the product contained more margarine than real butter. *Reyes,* 2019 WL 3409883, at *4 (distinguishing *Mantikas* "because Plaintiff does not allege that Defendant's mashed potatoes contains more margarine than butter"). *See also Sarr v. BEF Foods, Inc.*, No. 18-cv-6409 ARR, 2020 WL 729883 at *4  (E.D.N.Y. Feb. 13, 2020) ("Here, unlike in *Mantikas*, the plaintiffs concede that the Mashed Potatoes' predominant fat ingredient is the one emphasized in the defendant's labeling – butter."). Plaintiffs here allege that, at the very least, the Products contain more artificial than real vanilla. Am. Comp. ¶ 22. It also is contested whether the Products contain any real vanilla at all.

Here, Plaintiffs have sufficiently alleged actionable deception based on their first-hand experience. However, they have bolstered their allegations with survey evidence. Plaintiffs have alleged that in a survey conducted in March of 2020 of 411 consumers, who were shown the Products' front label, *89%* stated that the "Made With Aged Vanilla" on the Product label meant that the Product was vanilla flavored and *68%* interpreted the statement on the label to mean that the vanilla flavor comes exclusively, if not predominantly, from the vanilla plant. Am. Compl. at ¶¶ 3-4, 20-21. This supports Plaintiffs' allegations that a reasonable consumer would be misled by the Product's labeling, just as each of the three Plaintiffs were misled. Defendants' contentions to the contrary are simply wrong. *See* Def. Supp. Mem. 1, n. 1. Defendants cannot attack the methodology of the survey on a motion to dismiss, and Plaintiffs alleged that consumers were surveyed about the Product's front labeling, not simply the phrase "Made With Aged Vanilla" out of context. *See* Am. Compl. at ¶ 21. The allegations regarding the consumer survey support Plaintiffs' allegations of deception.

## II. PLAINTIFFS SUFFICIENTLY ALLEGE VIOLATIONS OF FDA REGULATIONS, BUT DO NOT RELY SOLELY ON THOSE VIOLATIONS FOR THEIR GBL CLAIMS

Defendants' argument, Def. Supp. Mem. at 11-13, that Plaintiffs assert an improper private right of action for violations of FDA regulation can be dispensed with easily. Plaintiffs allege that Defendants' labeling constitutes deceptive business practices under GBL § 349 and false advertising under GBL § 350 because the "Made With Aged Vanilla" labeling misrepresents that the vanilla flavor in the Products is from the vanilla plant when most, if not all, of the vanilla flavor is artificial. The Amended Complaint makes abundantly clear that Plaintiffs' claims do not hinge exclusively on Plaintiffs' allegations that Defendants' labeling violates FDA regulations. *See* Am. Comp. at ¶ 31 ("This violation of the FDA's regulations provides *a separate and independent reason* why Defendants have violated the consumer protection laws at issue here as detailed

13

below."); ¶ 67 ("*In addition to being deceptive*, Defendants' conduct is 'unlawful' in that the Products' labeling violates the FFDCA . . . .") (emphasis added).  Rather, the FDA regulations regarding vanilla give context and further support Plaintiffs' allegations of deception and unlawfulness. *See* Am. Comp. at ¶ 29 ("In order to combat this vanilla fraud, the FDA has strict rules regarding use of the term "vanilla" on the labels of food products."); ¶ 32 ("The FDA regulations regarding vanilla flavoring effectively establish custom and practice in the industry so that consumers' experience with that custom and practice primes them to infer from the Products' labeling that the Products gets its vanilla flavor from the vanilla plant.").

Nevertheless, Plaintiffs have alleged that the Product labels violate FDA regulations. Defendants claim that their Product labels cannot violate FDA regulations because root beer and cream soda have no characterizing flavor. *See* Def. Supp. Mem. 11-12. The obvious flaw in this argument is that Defendants themselves single out to consumers the vanilla flavor from the Products' "complex mixture of various flavors." Def. Supp. Mem. 11. Defendants cannot tout vanilla on the Products' front label, then claim that it is not a characterizing flavor of those Products. The plain language of the pertinent FDA regulation, 21 C.F.R.101.22(i)(2), applies *because* Defendants chose to make a representation regarding vanilla.  21 C.F.R.101.22(i)(2) states that characterizing flavor is "direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means." 21 C.F.R.101.22(i)(2). Here, Defendants make a direct representation with respect to the vanilla flavor in the Products with the words "Made With Aged Vanilla." Consumers see those words and reasonably understand them to mean that the Products are vanilla flavored and that the vanilla flavor comes from the vanilla plant. Am. Compl. at ¶ 20-21. Plaintiffs have sufficiently alleged that Defendants violated FDA regulations by failing to disclose that the vanilla flavor is artificial.

14

### III.   PLAINTIFFS HAVE STANDING TO SEEK INJUNCTIVE RELIEF

Contrary to Defendants' argument, Def. Supp. Mem. at 13–14, Plaintiffs have standing to pursue injunctive relief because they are unable to rely on the Products' labels in the future, which causes them to avoid purchasing the Products even though they would like to if they could trust the labels. Specifically, each Plaintiff alleges:  "If the Product were reformulated such that the vanilla flavor came exclusively from the vanilla plant, or the Products were not deceptively labeled, Plaintiff would purchase the Product again in the future." Amended Complaint at ¶¶ 42-44. These allegations are sufficient to establish standing to seek injunctive relief.

Although the Second Circuit has not ruled on the issue, the Court of Appeals would likely follow the Ninth Circuit, as it did in *Mantikas* regarding the reasonable consumer standard. The Ninth Circuit held the inability to rely on the defendant's labeling is ongoing injury sufficient to establish standing:

> [A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm. Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018) (internal citations omitted).

District courts in this Circuit have found the reasoning in *Davidson* persuasive and held that plaintiffs have standing to pursue injunctive relief when they allege, as Plaintiffs have here,

they would purchase the products at issue but cannot rely on the defendants' labeling or advertising. *See Wai Chu v. Samsung Electronics America, Inc.*, No. 18-CV-11742 GHW, 2020 WL 1330662, at \*4-5 (S.D.N.Y. March 23, 2020); *Jackson-Mau v. Walgreen Co.*, No. 18-cv-4868 FB, 2019 WL 5653757, at \*3 (E.D.N.Y. Oct. 31, 2019); *Campbell v. Freshbev LLC*, 322 F.Supp.3d 330, 337 (E.D.N.Y. 2018).

Additionally, courts in this district have concluded that to hold otherwise would eviscerate the New York consumer protection statute. *See, e.g.*, *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 445 (E.D.N.Y. 2015) ("Federal courts 'have held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer,' because to 'hold otherwise would effectively bar any consumer who avoids the offending product from seeking injunctive relief.'"); *Ackerman v. Coca-Cola Co.*, No. 09-cv-00395 DLI, 2013 WL 7044866, at \*15 n.23 (E.D.N.Y. July 18, 2013) ("Plaintiffs seek to be relieved from defendants' misleading and deceptive practices in the future, and the fact that they discovered the alleged deception years ago does not render defendants' advertising or labeling any more accurate or truthful. This is the harm New York's and California's consumer protection statutes are designed to redress.").

For all the foregoing reasons, Plaintiffs have standing to seek injunctive relief.

16

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Amended Complaint should be denied.

Respectfully submitted,

Dated:  June 1, 2020

**REESE LLP**
By: _/s/ Sue J. Nam_
    Sue J. Nam
    *snam@reesellp.com*
    Michael R. Reese
    *mreese@reesellp.com*
    100 West 93rd Street, 16th Floor
    New York, New York 10025
    Telephone: (212) 643-0500
    Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
 *spencer@spencersheehan.com*
505 Northern Blvd., Suite 311
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:  (516) 234-7800

*Counsel for Plaintiffs and the Class*