Sheehan & Associates, P.C.  
spencer@spencersheehan.com

60 Cuttermill Rd Ste 409, Great Neck NY 11021-3104  
tel. 516.303.0552   fax 516.234.7800

August 17, 2020

District Judge Brian M. Cogan  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

                                        Re:    1:19-cv-00768-BMC  
                                                      Sharpe v. A & W Concentrate Company et al

Dear District Judge Cogan:

       This office, with Reese LLP, represents the plaintiffs. This letter is in response to defendant's letter bringing a recent decision to the attention of this Court. *Christopher Silva, et al. v. Hornell Brewing Co., Inc., et al.*, No. 20-cv-756 (ARR) (PL) (E.D.N.Y. August 10, 2020). ECF No. 58, August 12, 2020.

       Defendants assert that *Silva* supports "Defendants' argument that Plaintiffs' Amended Complaint in this action should be dismissed for failure to state a claim." However, the cited section relates to that Court's denial of plaintiff's request for injunctive relief, even though it denied the bulk of defendant's dismissal motion.

       In *Silva*, the Court surveyed relevant Second Circuit decisions on whether "'[P]ast exposure to illegal conduct [does not in itself] show[s] a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

       The Court ruled that though "district courts have allowed claims for injunctive relief to proceed in similar circumstances, these cases are inconsistent with Article III and with Supreme Court and Second Circuit case law. *Silva* at p. 15 quoting *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 445 (E.D.N.Y. 2015); *Ackerman v. Coca-Cola Co.*, No. 09-cv-395 (DLI) (RML), 2013 WL 7044866, at *15 n.23 (E.D.N.Y. July 18, 2013). This Court is familiar with the cases supporting the positions of both sides and there is no need to clutter the docket with such decisions and repetitive arguments.

       The decision in *Silva* denying plaintiff's request for injunctive relief has no connection to dismissal of the claims here. To the extent the Court reads beyond Section F, the reasoning would support denying defendants' motion. *Silva* at 8 (finding plaintiff plausibly alleged misleading representations through the phrase "all natural" based on the allegations that "the Product contains synthetic ingredients."). Here, plaintiffs have similarly alleged claims that should survive defendants' motion, through the phrase "Made With Aged Vanilla," alleged to be deceptive and misleading because the Cream Soda and Root Beer contain no scientifically detectable level of vanilla and the vanilla taste is provided by ethyl vanillin. Thank you.

                                                                             Respectfully submitted,

                                                                             /s/Spencer Sheehan  
                                                                             Spencer Sheehan

Certificate of Service

I certify that on August 17, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan