# REESE LLP

**Via Electronic Mail**            May 7, 2021
Honorable Brian M. Cogan
United States Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:     *Sharpe et al. v. A&W Concentrate Co. et al.*
                 Case No. 19-cv-00768-BMC (E.D.N.Y.)

Dear Judge Cogan:

     My firm, along with co-counsel, represent the plaintiffs and the proposed class in the above-referenced action.

     I submit this letter in order to compel the following discovery from Defendants:

1. Sufficient responses to interrogatories 2, 3, 4, 5, 7, 8, 9, 11 and 13 of Plaintiffs' First Set of Interrogatories, of which a copy of Defendant's current responses are attached hereto as Exhibit A; and

2. A 30(b)(6) witness to testify regarding the use of ethyl vanillin in A&W Cream Soda pursuant to topics 2, 4, 12, 14 and 16 of Plaintiffs' 30(b)(6) deposition notice, a copy of which is attached hereto as Exhibit B.

     Pursuant to III.A.1 of Your Honor's Individual Practices, a draft of this letter was provided to defense counsel on May 4, 2021 for defense counsel to provide Defendants' section. *See* Exhibit C (May 4, 2021 email from Michael Reese to Chip Magid). In the cover email, I told defense counsel we would move to compel regarding the discovery deficiencies on May 6, 2021 and asked for their section by that date.

     Pursuant to Local Rule 37.3 and Federal Civil Procedure Rule 37, I have met and conferred with opposing counsel, Chip Magid, on these topics on several occasions, culminating in a final meet and confer on May 5, 2021 via telephone for approximately 10 minutes. *See* Exhibit D attached hereto (Rule 37 Certification of Michael R. Reese). During the last meet and confer, defense counsel stated that Defendants would provide supplemental responses by May 6, 2021. They did not. Nor did Defendants provided their section to this motion to compel, a draft of which was provided to them on May 4, 2021. Accordingly, Plaintiffs file this motion to compel.

     Each discovery dispute is addressed below in turn:

### PLAINTIFFS' SECTION

#### Defendants' Insufficient Responses to Interrogatories

Defendants' Responses to Interrogatories Nos. 2, 3, 4, 5, 7, 8, 9, and 11 are insufficient in that they do not provide an answer, but rather direct Plaintiffs' counsel to search the more than 24,000 pages of documents (the bulk of which were produced less than two months ago) for the answers to the interrogatories, without identifying by Bates number the specific documents in Defendants' document production that are responsive to each interrogatory.  Specifically, Defendants' responses merely state that "[s]ubject to the objection, and without waiving it, Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce documentation…" and "ingredient lists."  Moreover, review of the more than 24,000 documents produced by Defendants does not clearly answer the questions posed by the interrogatories.  Accordingly, Defendant's responses are insufficient.   *See* Federal Civil Procedure Rule 33(d)(…"the responding party may answer by…***specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could***…"); *see also SPX Corp. v. Bartec USA, LLC*, 2007 WL 4596497, *1  (E.D. Mich. 2007)(granting motion to compel: "[Defendant] makes a blanket reference to its document production under Fed. R. Civ. P. 33(d). As [Defendant] has recognized with its previous interrogatories, a ***blanket reference*** … is insufficient.").

Accordingly, Plaintiffs move to compel Defendants to provide the specific Bates numbers that respond to each interrogatory Nos. 2, 3, 4, 5, 7, 8, 9, and 11, or, alternatively, revise the responses to provide a traditional answer to each interrogatory that does not refer to the document production.

With respect to Interrogatory No. 13 regarding pricing, Defendant refuses to produce any information.  This is insufficient and should also be produced.

#### 30(b)(6) Deposition re Use of Ethyl Vanillin

On April 29, 2021, the undersigned counsel took the deposition of Steven Kramer, who was designated by Defendants as a 30(b)(6) witness to testify as to the use of the artificial vanilla flavor ethyl vanillin in A&W "Made With Aged Vanilla" Cream Soda and A&W "Made With Aged Vanilla" Root Beer in response to Plaintiff's 30(b)(6) deposition notice.  Mr. Kramer testified as to the use of ethyl vanillin in A&W Root Beer.  However, when asked whether A&W Cream Soda contained ethyl vanillin, Mr. Kramer testified that he did not know.  As a result, he was unable to answer questions regarding the use of ethyl vanillin in A&W Cream Soda.  A witness with knowledge regarding the use of ethyl vanillin in A&W Cream Soda should be compelled to testify as to 30(b)(6) topics 2, 4, 12, 14 and 16.

### DEFENDANTS' POSITION

None supplied by Defendants.

Hon. Brian M. Cogan
May 7, 2021
Page 3 of 3

## CONCLUSION

For the reasons stated above, Defendants should be compelled to produce responses to Plaintiffs' Interrogatories Nos. 2, 3, 4, 5, 7, 8, 9, 11 and 13 and produce a 30(b)(6) witness with knowledge after the use of ethyl vanillin in A&W Cream Soda.

Respectfully submitted,

cc: All counsel of record (via ECF)     Michael R. Reese

Attachments:

Exhibit A (Defendants' Responses to Plaintiffs' First Set of Interrogatories)
Exhibit B (Plaintiff's 30(b)(6) Notice)
Exhibit C (May 4, 2021 email from Michael Reese to Chip Magid)
Exhibit D (Certification of Michael R. Reese)