**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lashawn Sharpe, Jim Castoro, and Christine Cooney individually and on behalf of all others similarly situated<br><br>                 Plaintiffs<br>    -against-<br><br>A&W Concentrate Company and Keurig Dr Pepper Inc.,<br><br>               Defendants. | Case No.:  1:19-cv-00768 (BMC)<br><br><br>**DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES** |

Defendants A&W Concentrate Company and Keurig Dr Pepper Inc.  ("Defendants"), by and through their attorneys, Dorsey & Whitney LLP, hereby respond to Plaintiffs' First Set of Interrogatories pursuant to the Federal Rules of Civil Procedure, as follows:

## GENERAL OBJECTIONS

1. Defendants object to the Definitions and Instructions to the extent that they seek to impose obligations on Defendants greater than or in addition to those imposed by the Federal Rules of Civil Procedure.

2. Defendants object to the Interrogatories to the extent that they seek privileged information or documents created by or at the request of counsel, or communications between Defendants and their in-house and/or outside counsel pertaining to this matter after commencement of this lawsuit.

3. Defendants object to the Interrogatories to the extent that they seek privileged information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or any other available privilege.

## SPECIFIC RESPONSES

**INTERROGATORY NO. 1:**  Identify each person who has knowledge of the facts alleged in the Complaint or of any matter relevant to the issues in this lawsuit and provide a brief description of the relevant knowledge possessed by each person.

**ANSWER:**     The following persons have knowledge relevant to the claims and defenses of this lawsuit:

Lashawn Sharpe, address unknown.  Mr.Ms. Sharpe presumably has knowledge concerning his purchases of the Products.

Jim Castoro, address unknown.  Mr. Castoro presumably has knowledge concerning his purchases of the Products.

Christine Cooney, address unknown.  Ms. Cooney presumably has knowledge concerning her purchases of the Products.

Daphna Havkin-Frenkel, Bakto Flavors, LLC, 772 Cranbury Cross Rd, North Brunswick Township, NJ.  Dr. Havkin-Frenkel has knowledge concerning her analysis of the Alliance Technologies chromatography results.

Alliance Technologies, 9 Deer Park Drive, Suite B, Monmouth Junction, NJ.  Alliance Technologies has knowledge concerning gas chromatography-mass spectrometry analysis allegedly performed on samples of the Products.

Dana Krueger, Krueger Food Laboratories, Inc., 21 Alpha Road, Suite D, Chelmsford MA.  Mr. Krueger has knowledge regarding his testing of the Products and his testing of the vanilla flavorings used in the Products.

Andrew Granda, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Mr. Granda has knowledge regarding his shipment of ingredient samples to Krueger Food Laboratories.

Steve Kramer, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Mr. Kramer has knowledge regarding the ingredients in and formulation of the Products.

Stefanie Conrad, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Ms. Conrad has knowledge concerning the marketing of the Products.

Emily Bernard, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Ms. Bernard has knowledge concerning the marketing of the Products.

Katherine Trimper, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Ms. Trimper has knowledge concerning the marketing and pricing of the Products.

Danh Loyd, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Ms. Loyd has knowledge concerning the packaging and labeling of the Products.

Henry Lambert, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Mr. Lambert has knowledge concerning the packaging and labeling of the Products.

Robin Utay, Keurig Dr Pepper, Inc. c/o Creighton Magid, Dorsey & Whitney LLP, 1401 New York Avenue NW, Suite 900, Washington, DC.  Ms. Utay has knowledge concerning the packaging and labeling of the Products.

**INTERROGATORY NO. 2:**  Identify each and every ingredient in the Products, listing separately for the A&W Root Beer and the A&W Cream Soda. If any of the ingredients have changed during the Relevant Period, state when it changed and how it changed.

**ANSWER:**     Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in the case, and on the grounds that the "Relevant Period" is undefined.  Subject to the objection, and without waiving it, Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce ingredient lists for the Products identifying all vanilla- and vanillin-containing ingredients.

**INTERROGATORY NO. 3:**  State the source of all ingredients listed in Interrogatory No. 2, listing separately for the A&W Root Beer and the A&W Cream Soda.

**ANSWER:**     Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in the case and is not proportional to the needs of the case.  Subject to the objection, and without waiving it, Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce documentation identifying the source of all vanilla- and vanillin-containing ingredients in the Products.

**INTERROGATORY NO. 4:**  State the recipes for the Products, listing separately for the A&W Root Beer and the A&W Cream Soda. If the recipe for the Products have changed during the Relevant Period, state when it changed and how it changed, listing separately for the A&W Root Beer and the A&W Cream Soda.

**ANSWER:**     Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in the case, and on the grounds that the "Relevant Period" is undefined.  Subject to the objection, and without waiving it, Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce ingredient lists for the Products identifying all vanilla- and vanillin-containing ingredients.

**INTERROGATORY NO. 5:**  State all ingredients that have a Vanilla Flavor in the Products, listing separately for the A&W Root Beer and the A&W Cream Soda. If any of the ingredients that have a Vanilla Flavor have changed during the Relevant Period, state when it changed and how it changed, listing separately for the A&W Root Beer and the A&W Cream Soda.

4

**ANSWER:**     Defendants object to this Interrogatory on the grounds that the "Relevant Period" is undefined.  Subject to the objection, and without waiving it, Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce ingredient lists for the Products identifying all vanilla- and vanillin-containing ingredients.

**INTERROGATORY NO. 6:** Does any of the vanillin in the Products come from a non-vanilla plant source? Please answer separately for the A&W Root Beer and the A&W Cream Soda.

**ANSWER:**     Yes, some of the vanillin in A&W Root Beer and A&W Cream Soda is derived from a source other than vanilla pods.

**INTERROGATORY NO. 7:**  If the answer to Interrogatory No. 6 is yes, identify the source of the non-vanilla plant vanillin in the Products, listing separately for the A&W Root Beer and the A&W Cream Soda.

**ANSWER:**     Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce ingredient lists for the Products identifying all vanilla- and vanillin-containing ingredients.

**INTERROGATORY NO. 8:**  Has the packaging of the Products changed during the Relevant Period? If so, state how the packaging has changed. Please answer separately for the A&W Root Beer and the A&W Cream Soda.

**ANSWER:**     Defendants object to this Interrogatory on the grounds that the "Relevant Period" is undefined.  Subject to the objection, and without waiving it, Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce images of the Products' labels, from which Plaintiffs can identify changes in the labels.

**INTERROGATORY NO. 9:**  For each change identified in Interrogatory No. 8, identify why the change was made and when the change was made.

**ANSWER:**     Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense in the case and is not proportional to the needs of the case.  Subject to the objection, and without waiving it, Defendants invite Plaintiffs, after reviewing the labels produced in response to Interrogatory No. 8, to identify label

changes relevant to the claims or defenses in this action as to which they seek further

explanation.

**INTERROGATORY NO. 10:**  Have you conducted any consumers surveys or studies regarding consumer interpretation of the Product labels? If so, identify the name of those surveys; the dates of which they were conducted, and the BATES range of the surveys, if you have produced. Include in your response any surveys or studies either performed by you or by a third-party at your request or on your behalf.

**ANSWER:**    Defendants object to this Interrogatory on the grounds that it seeks

information that is not relevant to any party's claim or defense in the case and is not proportional

to the needs of the case.  Subject to the objection, and without waiving it, Defendants state that

they have not conducted or caused to be conducted any such surveys or studies within the

limitations period.

**INTERROGATORY NO. 11:**  If any flavor consists of two or more ingredients, provide the common or usual name of each ingredient.

**ANSWER:**    Defendants object to this Interrogatory on the grounds that it seeks

information that is not relevant to any party's claim or defense in the case and is not proportional

to the needs of the case, and on the grounds that it is ambiguous and confusing.  Subject to the

objection, and without waiving it, Defendants refer Plaintiffs to the answer to Interrogatory No.

2.

**INTERROGATORY NO. 12:**  State the sales, both in units and dollar amounts, of the Products in both the State of New York and the United States, listing separately for the A&W Root Beer and the A&W Cream Soda.

**ANSWER:**    Defendants object to this Interrogatory on the grounds that it seeks

information that is not relevant to any party's claim or defense in the case and is not proportional

to the needs of the case.  Subject to the objection, and without waiving it, Defendants, pursuant

to Fed. R. Civ. P. 33(d), will produce New York State sales data, in both units and dollars, for

both Products.

6

**INTERROGATORY NO. 13:**  How do you determine how to price your Products?

**ANSWER:**    Defendants object to this Interrogatory on the grounds that it seeks

information that is not relevant to any party's claim or defense in the case.

**INTERROGATORY NO. 14:**  Where a product information or specification sheet states "All flavor ingredients contained in this product are approved for use in a regulation of the Food and Drug Administration," provide components and information of the flavor formula including but not limited to:

i. Name of chemical;

ii. Product information and specification sheets for all chemical components;

iii. CAS Number assigned by the Chemical Abstracts Service (CAS) for all chemicals;

iv. FEMA number (Flavoring Extract Manufacturers' Association);

v. Supplier of all chemicals;

vi. Country of origin of all chemical components;

vii. Cost per gram;

viii. Cost/formula ($/1000g);

ix. Ratio of all chemicals used in flavor.

x. g chemical/1000 g flavor; and

xi. Dilution in ethanol.

**ANSWER:**    Defendants object to this Interrogatory on the grounds that it seeks

information that is not relevant to any party's claim or defense in the case and is not proportional

to the needs of the case.

Dated:  October 15, 2020                    Respectfully submitted,


                                          /s/ Creighton R. Magid
Creighton R. Magid (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W., Suite 900
Washington, D.C.  20005
Phone: (202) 442-3555
Fax: (202) 442-3199
magid.chip@dorsey.com

Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile:  (646) 607-8476
baksh.elizabeth@dorsey.com


*Attorneys For Defendants A&W CONCENTRATE
COMPANY and KEURIG DR PEPPER INC.*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2020, I caused copies of the foregoing

DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES to be sent by

email to counsel of record.

Michael R. Reese
Sue J. Nam
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
mreese@reesellp.com
snam@reesellp.com

Spencer Sheehan
SHEEHAN & ASSOCIATES, P.C.
505 Northern Boulevard, Suite 311
Great Neck, NY 11021
spencer@spencersheehan.com

/s/ Creighton R. Magid
Creighton R. Magid