# EXHIBIT C

## Sharpe v. A&W - Motion to Compel

1 message

**Michael Reese** <mreese@reesellp.com>　　　　　　　　　　　　　　　　Tue, May 4, 2021 at 4:47 PM
To: Chip Magid <Magid.Chip@dorsey.com>, Erica Andrews <Andrews.Erica@dorsey.com>, Spencer Sheehan <spencer@spencersheehan.com>, Sue Nam <snam@reesellp.com>

Chip and Erica -

Please find attached Plaintiff's Motion to Compel.

Please let me know your availability to discuss tomorrow.

Please also provide me your sections by noon on May 6th. We will file close of business May 6th.

Sincerely,

Michael Reese



Motion to Compel - May 4, 2021.doc
206K

# REESE LLP

<u>Via Electronic Mail</u>　　　　　　　　　　　May 6, 2021
Honorable Brian M. Cogan
United States Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

　　　　Re:　<u>Sharpe et al. v. A&W Concentrate Co. et al.</u>
　　　　　　Case No. 19-cv-00768-BMC (E.D.N.Y.)

Dear Judge Cogan:

My firm, along with co-counsel, represent the plaintiffs and the proposed class in the above-referenced action.

I submit this letter in order to compel the following discovery from Defendants:

1. discovery responses to Plaintiffs' First Set of Interrogatories, a copy of which is attached hereto as Exhibit A;

2. Production of Henry Lambert for deposition;

3. A 30(b)(6) witness to testify regarding the use of ethyl vanillin in A&W Cream Soda;

Pursuant to III.A.1 of Your Honor's Individual Practices, a draft of this letter was provided to defense counsel to provide Defendants' section.  Pursuant to Local Rule 37.1, I met with opposing counsel, Chip Magid, regarding each of this topics on several occasions, culminating in a final meet and confer on May 5, 2021.

### PLAINTIFFS' SECTION

Each discovery dispute is addressed below in turn:

**<u>Defendants' Insufficient Responses to Interrogatories</u>**

Defendants' Responses to Interrogatories Nos. 2, 3, 4, 5, 7, 8, 9, 11 and 12 are insufficient in that they do not provide an answer, but rather direct Plaintiffs' counsel to search the more than 24,000 pages of documents (the bulk of which were produced less than two months ago) for the answer, without identify the specific documents in Defendants' document production that are responsive to each Interrogatory.  Specifically, Defendants' responses merely state that "[s]ubject to the objection, and without waiving it, Defendants, pursuant to Fed. R. Civ. P. 33(d), will produce documentation…"  This is insufficient.  *See* Federal Civil Procedure Rule 33(d)(…"the responding party may answer by…***specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could***…"); *see also SPX Corp. v. Bartec USA, LLC*, 2007 WL 4596497, *1  (E.D.Mich. 2007)(granting motion to compel: "[Defendant] makes a blanket reference to its document production  under Fed. R. Civ. P. 33(d). As [Defendant] has recognized with its previous interrogatories, a ***blanket reference*** … is insufficient.").

Hon. Brian M. Cogan
May 7, 2021
Page 2 of 2

Accordingly, Plaintiffs move to compel Defendants to provide the specific Bates numbers that respond to each interrogatory Nos. 2, 3, 4, 5, 7, 8, 9, 11 and 12, or, alternatively, revise the responses to provide a traditional responsive answer to the interrogatory that does not refer to the document production.

With respect to Interrogatory No. 13 regarding pricing, Defendant refuses to produce any information. This is insufficient and should also be produced.

### Deposition of Henry Lambert

On February 5, 2021, Plaintiff noticed the deposition of Henry Lambert. *See Exhibit B* attached hereto (Lambert Deposition Notice). To date, Defendants still have not produced a date for the deposition of Mr. Lambert. Accordingly, Plaintiffs respectfully move to compel his production to sit for his deposition.

### 30(b)(6) Deposition re Use of Ethyl Vanillin

On April 29, 2021, the undersigned counsel took the deposition of Steven Kramer, who was designated to discuss the use of ethyl vanillin in A&W Cream Soda in response to Plaintiff's 30(b)(6) deposition notice (a copy of which is attached hereto as Exhibit C). When asked whether A&W Cream Soda contained ethyl vanillin, Mr. Kramer testify he did not know. As a result, he was unable to answer questions regarding the use of ethyl vanillin in A&W Cream Soda. A witness with knowledge regarding the use of ethyl vanillin in A&W Cream Soda should be compelled to testify.

**DEFENDANTS' POSITION**

TO BE SUPPLIED BY DEFENDANT

                                      Respectfully submitted,
                                      DRAFT

cc:     Spencer Sheehan                Michael R. Reese