**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LaShawn Sharpe, et al., *individually on behalf of herself and all others similarly situated*, <br><br> Plaintiffs, <br><br> – against – <br><br> A&W Concentrate Company and Keurig Dr Pepper Inc., <br><br> Defendants. | Case No.: 19-cv-00768-BMC |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF FORM NOTICE, SCHEDULING OF FINAL APPROVAL HEARING, AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**

Upon consideration of the Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan, and the entire record herein, the Court grants preliminary approval of the Settlement contained in the Parties' Settlement Agreement ("Settlement Agreement"), upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning ascribed to them in the Settlement Agreement. The Court makes the following findings:

## FINDINGS OF FACT

1. Plaintiffs LaShawn Sharpe, Jim Castoro, and Steve Dailey ("Plaintiffs") bring this Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan before the Court, with the consent of Defendants A&W Concentrate Company and Keurig Dr Pepper Inc. ("Defendants").

2. Through extensive motion practice and discovery, the Parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the action.

3. In addition, Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement.

4. Defendants deny that there is any factual or legal basis for Plaintiffs' allegations. They contend that the labeling of the Products was truthful and non-misleading, and that purchasers did not pay a "premium" for the Products as a result of any misrepresentations. They further deny that Plaintiffs or any other purchasers have suffered injury as a result of the "Made with Aged Vanilla" representation or are entitled to monetary or other relief.

5. The Parties entered into a Settlement Agreement pursuant to which they agreed to settle the Action, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice.

6. The Court has reviewed the Settlement Agreement, including the exhibits attached thereto and all prior proceedings herein, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. **Stay of the Action.** All non-settlement-related proceedings in the action are hereby stayed and suspended until further order of the Court.

2. **Granting Leave to File the Amended Complaint.** The Court GRANTS the motion for leave to file the proposed Second Amended Complaint for settlement purposes attached as Exhibit E to the Settlement Agreement.

3. **Preliminary Class Certification for Settlement Purposes Only.** Having made the findings set forth above, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class; (e) the Settlement Agreement was negotiated at arm's length with the assistance of two private mediators; and (f) the

relief provided to the class is adequate given the risks and uncertainty of trial. If the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. Defendants retain all rights to assert that the Action may not be certified as a class action, other than for purposes of this Settlement.

4. **Class Definition.** The Settlement Class is defined as all persons who, from February 7, 2016, to June 2, 2023, purchased one or more A&W root beer or cream soda products labeled as "Made With Aged Vanilla" in the United States for personal or household use and not for resale. Excluded from the Settlement Class and Settlement Class Members are: (a) the directors, officers, employees, and attorneys of Defendants and their parents and subsidiaries; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; (d) the Honorable John Mott (Ret.) and his immediate family; (e) the Honorable Wayne Andersen (Ret.) and his immediate family; and (f) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

5. **Class Representatives and Class Counsel.** The Court appoints Michael R. Reese and Sue J. Nam from Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as counsel for the Settlement Class. LaShawn Sharpe, Jim Castoro and Steve Dailey are hereby appointed as Class Representatives.

6. **Preliminary Settlement Approval.** The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Fairness Hearing provided for below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the Class.

7. **Jurisdiction.** The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8. **Fairness Hearing.** A Fairness Hearing shall be held on September 18, 2023 at 11:00 a.m. at the United States District Court for the Eastern District of New York in Courtroom 8D South before Brian M. Cogan to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes only, pursuant to Rule 23(a) and (b)(3); (b) whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiffs for Service Awards should be approved. The submissions of the Parties in support of the Settlement, including Plaintiffs' Counsel's application for Attorneys' Fees and Expenses and Service Awards, shall be

filed with the Court no later than thirty (30) days prior to the Fairness Hearing and may be supplemented up toseven (7) days prior to the Fairness Hearing.

9. **Administration and Class Notice.**

a. The Court accepts the recommendations of Class Counsel and Defendants, and hereby appoints Kroll Settlement Administration to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement, and to help implement the terms of the Settlement Agreement.

b. The proposed Class Notice; Summary Settlement Notice; and the notice methodology described in the Settlement Agreement and in the Declaration of Jeanne C. Finnegan, Managing Director and Head of Kroll Notice Media Solutions (the "Finnegan Declaration"), and Declaration of Scott M. Fenwick, Senior Director of Kroll Settlement Administration LLC ("Fenwick Declaration"), are hereby approved as to form and content.  The claim form and all notices are written in plain and easy to comprehend language, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties have discretion to jointly make non-material minor revisions to the claim form or notices.

c. Sixty (60) calendar days before the date on which the Fairness Hearing is scheduled in the Preliminary Approval Order, the Claims Administrator shall cause the Notice Plan to commence and shall disseminate the notice as described in the Settlement Agreement and the Finnegan and Fenwick Declarations.

d. Not later than seven (7) calendar days before the date of the Fairness Hearing, the Claims Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement;

5

and (ii) attests to the proper implementation of the Notice Plan.

    e.  No later than ten (10) calendar days after the Settlement Agreement is filed with the Court, the Claims Administrator, with assistance from the Parties as needed, shall mail or cause the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a).

  10.  **Findings Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Class as discussed in paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

  11.  **Exclusion from Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Settlement under this Agreement. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period.  Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Settlement Administrator by U.S. Mail or personal delivery a personally signed letter including their name and address and providing a clear statement communicating that they

elect to be excluded from the Settlement Class. Any request for exclusion must be sent to the Claims Administrator and be received by (if submitted by personal delivery) or postmarked by (if sent via paper mail) the Opt-Out Date as specified in this Preliminary Approval Order. Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendants or other Released Persons (as defined in the Settlement Agreement) relating to the claims and transactions released in this Action.

12. **Objections and Appearances.** Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date. Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), sent to the Claims Administrator by U.S. Mail or personal delivery, and received by (if submitted by personal delivery) or postmarked by (if sent via paper mail) the Objection Date as specified in this Order. The written objection must include: (i) the case name and number: *LaSharpe v. A&W Concentrate Company*, Case No. 19-cv-00768-BMC; (ii) the name, address and telephone number of the objector; (iii) the name, address, and telephone number of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation; (iv) documents or testimony sufficient to establish membership in the Settlement Class; (v) a detailed statement of any objection asserted, including the grounds therefor; (vi) whether the objector is, and any reasons for, requesting the opportunity to appear and be heard at the final approval hearing; (vii) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of

all persons who will be called to testify in support of the objection; (viii) copies of any papers, briefs, or other documents upon which the objection is based; (ix) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class litigations submitted in any state or federal court in the United States in the previous five (5) years (or affirmatively stating that no such prior objection has been made); and (x) the objector's signature, in addition to the signature of the objector's attorney (if any). Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection. Failure to include any of the information or documentation set forth in this paragraph also shall be grounds for overruling an objection.

Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at that Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including Attorneys' Fees and Expenses and Service Awards. Settlement Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice, and to Defendants' Counsel, and file the notice of appearance with the Court no later than fifteen (15) days before the Final Approval Hearing, or as the Court may otherwise direct.

Any Settlement Class Member who fails to comply with Section VI.6.6 of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action, including, but not limited to, the Released Claims and the releases in

Section VII of the Agreement.

Class Counsel shall have the right, and Defendants shall reserve their right, to respond to any objection no later than fourteen (14) days before the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually hired attorney for the objecting Settlement Class Member, to Class Counsel, and to Defendants' Counsel.

13. **Disclosures.** The Claims Administrator, Defendants' Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

14. **Termination of Settlement.** This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

15. **Effect of Settlement Agreement and Order.** Plaintiffs' Counsel, on behalf of the Settlement Class, and Defendants entered into the Agreement solely for the purpose of compromising and settling disputed claims. This Order shall be of no force or effect if the

9

Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered, or received as evidence of a presumption, concession, or admission on the part of Plaintiffs, Defendants, any member of the Settlement Class, or any other person; or (b) offered or received as evidence of a presumption, concession, or admission by any person of any fault, wrongdoing, breach, or liability, or that the claims in the Action have or lack merit or that the relief requested is appropriate, proper, or available, or inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

16. **Retaining Jurisdiction.** This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class. If the Settlement receives final approval, this Court shall retain jurisdiction over any action to enforce the release provisions in the Settlement Agreement.

17. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

    a.    Plaintiffs shall file their Motion for Final Approval of the Settlement by no later than August 19, 2023

b. Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Expenses, and Motion for Service Award by no later than August 19, 2023.

c. Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and the Motion for Service Award by no later than August 28, 2023.

d. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than August 28, 2023.

e. Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than September 3, 2023.

f. The Settlement Administrator shall file a declaration or affidavit with the Court that confirms the implementation of the Notice Plan pursuant to the Preliminary Approval Order September 11, 2023.

g. Class Counsel and Defendants' Counsel shall have the right to respond to any objection no later than September 4, 2023.

h. Defendants shall file any Response to Plaintiffs' Motions for Attorneys' Fees, Costs, and Expenses and for Service Award by no later than September 4, 2023.

11

  i. Class Counsel shall file any Reply to Defendants' Response to Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses and for Service Awards by no later than September 11, 2023.

  j. The Fairness Hearing will take place on September 18, 2023 at 11:00 a.m. at the United States District Court for the Eastern District of New York in the Courtroom 8D South.

**SO ORDERED this 5 day of June, 2023:**

               *Brian M. Cogan*
               _____
               **HONORABLE BRIAN M. COGAN**
               **United States District Court Judge**