## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHAWN SHARPE, JIM CASTORO, and STEVE DAILEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> A&W CONCENTRATE COMPANY and KEURIG DR PEPPER <br><br> Defendants. | Case No. 1:19-cv-00768-BMC |

## FINAL APPROVAL ORDER AND JUDGMENT

Upon consideration of the Motion of Class Representatives for an Order Certifying the Settlement Class and Granting Final Approval of the Class Settlement (ECF No. 124) ("Final Approval Motion") and their Motion for an Order Granting Payment of Class Counsel's Fees and Reimbursement of Expenses to Class Counsel and Payment of Service Awards to the Class Representatives (ECF No. 125) ("Fee Motion" together with "Final Approval Motion," "the Motions"), the hearing on the Motions before this Court on October 19, 2023 (the "Final Approval Hearing"), and the entire record herein, the Court grants final approval of the Settlement, upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning ascribed to them in the Settlement Agreement (ECF No. 119). The Court makes the following findings:

## FINDINGS OF FACT

1.      On June 5, 2023, this Court granted the motion of the Class Representatives for preliminary approval of the Settlement Agreement and certification of the Settlement Class (as defined below). *See* Preliminary Approval Order at ECF No. 121.

2.      Commencing on July 18, 2023 pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Kroll Settlement Administration (the "Settlement Administrator") began providing notice to Settlement Class Members in compliance with the Settlement Agreement and Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. *See* Declaration of Jeanne C. Finegan, APR of Kroll Notice Media Solutions in Connection with Implementation of Notice Plan at ECF No. 135. The notice:

   a. Fully informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

b.      Advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed settlement;

c.      Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

d.      Provided the time, date, and place of the Final Approval Hearing.

3.      On October 19, 2023, the Court held the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether judgment should be entered dismissing this Action with prejudice. The Court reviewed the Motions, and all supporting materials, including but not limited to the Settlement Agreement, as well as the Amended Objection of Theodore H. Frank (ECF No. 133) ("Objection"). The Court also considered the oral argument of all counsel. Based on this review and the findings below the Court finds good cause to grant the Motions.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

2.      As explained herein and on the record by the Court at the Final Approval Hearing on October 19, 2023, the transcript of which is hereby incorporated by reference, the Settlement is fair, reasonable, adequate and in the best interest of Settlement Class Members under Federal Civil Procedure Rule 23(e) and under *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). *See Moses v. The New York Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023) ("the revised Rule 23(e)(2) does not displace our traditional *Grinnell* factors, which remain a useful framework for considering the substantive fairness of a settlement"). The Settlement was procedurally and substantively fair.

3.      The Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was robust. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. The Settlement Agreement confers substantial benefits on the Settlement Class Members, is a benefit to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter. The Settlement Agreement also treats class members equitably relative to each other. As discussed further below, the Settlement Agreement has garnered an overwhelmingly positive reaction from members of the Class with at least 2 million validated claims and only 3 opt-outs and 1 objection, and the fees and costs sought by Class Counsel are reasonable. *See* Declaration of Jeanne C. Finegan, APR of Kroll Notice Media Solutions in Connection with Implementation of Notice Plan at ECF No. 135; Declaration of Scott M. Fenwick of Kroll Settlement Administration LLC Regarding Claim Activity at ECF No. 140.

4.      The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Amount. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

5.      The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Valid Claims, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect as an order of this Court.

**REQUESTS FOR EXCLUSION AND ONE OBJECTION**

6.       There were three people who timely requested to be excluded from the Settlement and the Settlement Class, whose names are included in Exhibit B to the Finegan Declaration at ECF No. 135 that was filed under seal (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement or this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

7.       There was only one timely objection to the Settlement. *See* Objection. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

8.       The Objection is hereby overruled.

9.       The Objection does not object to the material terms of the Settlement with respect to what members of the Settlement Class receive; does not object to Class Counsel's being reimbursed $306,766.50 for the litigation expenses they incurred; does not object to the Service Award of $5,000 to each of the Class Representatives (for a total of $15,000); and does not object to Class Counsel's lodestar calculation.

10.       Rather, the main focus of the Objection is to the methodology used to calculate Class Counsel's fee, contending that the only methodology that can be used is based on the actual claims made in the Action. This is incorrect as there are three possible methodologies to calculate the fee, any of which by itself is sufficient to justify the amount of fees awarded here. First, the fee of $2,918,233.50 is justified by the lodestar, which is more than $3.9 million. In other words, Class Counsel are seeking a multiplier of only 0.75 (*i.e.* a negative multiplier) despite their excellent and assiduous work and significant achievement on behalf of the Class. Second, the fee is justified by the value of the settlement, which is $15 million. Class Counsel's fee is approximately 20% of this

amount. Finally, even based upon the methodology proposed by the Objection, Class Counsel's fee is, again, only 20%. There are 2,024,507 Valid Claims. *See* Declaration of Scott M. Fenwick of Kroll Settlement Administration LLC Regarding Claim Activity at ECF No. 140. Based upon the minimum amount of $5.50 that each Claimant receives per Valid Claim pursuant to the Settlement, the total amount for Valid Claims is likely to amount to no less than $11,134,788, subject to the total Settlement Amount. When Class Counsel's fee and costs and the service awards are added together as the Objector recommends (for a total of $14,374,788), the amount of Class Counsel's fee is, again, only 20%. This is far less than the 33.33% benchmark of the Second Circuit, or the 25% that the Objector recommends.

11.     Class Counsel have done excellent work in this matter and have achieved a substantial benefit for the Class. Class Counsel are very experienced, both in class actions and in this kind of consumer litigation. Moreover, their hourly rates are commensurate with the highest quality of practice in this District and are hereby approved. The litigation was extensive, the discovery was extensive, and the factors of the time and labor extended strongly weigh in favor of the attorneys' fee award. In addition, class actions are inherently complicated, and this case in particular was complex. Class Counsel faced significant risks, expense, and uncertainty from continued litigation of this matter. Finally, the Settlement Agreement confers substantial benefits on the members of the Settlement Class and is a benefit to the public interest. Accordingly, this portion of the Objection is overruled under the totality of the factors considered under *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000): (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.

12.     The Objection also claims that the Settlement Agreement has a clear-sailing agreement whereby Class Counsel and Defendants agreed that Defendants would not oppose Class Counsel seeking a fee up to a certain amount. This is incorrect, as the Settlement Agreement does not have a clear sailing provision but rather the opposite as it reserves the right of the Defendants to object to any fee sought by Class Counsel. *See* Settlement Agreement at § 5.3 ("Defendants' Rights to Oppose. Defendants reserve all rights to oppose any application by Plaintiffs' Counsel for Attorneys' Fees and Costs."). Class Counsel and Defendants came to an agreement on attorneys' fees two months after the Settlement Agreement was signed and filed with the Court after negotiations that resulted in a significant reduction in the amount of fees ultimately agreed to by the Parties from the maximum amount disclosed in the notice to the Class. *Compare* ECF No. 119-3 with ECF No. 123.

13.     The Objection also claims that the Settlement Agreement contains a segregated fee structure. Again, this is incorrect. The Settlement Agreement does not contain a segregated fees structure. Rather, the Settlement Agreement provides that the Settlement Amount of $15,000,000 will be used to pay everything associated with the Settlement, including the claims of Class Members and Class Counsel's fees, among other items. The Settlement Agreement did not insulate Class Counsel's fees from this Court's scrutiny.

14.     Finally, the Objection objects on the grounds that that the Fee Motion should have been filed at least 14 days – instead of 10 days – prior to the Objection date and that the Fee Motion did not comply with Local Rule 23.1. Both of these objections are overruled. The Fee Motion complied with Local Rule 23.1 and was timely filed.

15.     Accordingly, for these reasons stated above, in Class Counsel's Response to the Objection (ECF No. 136), and as stated on the record at the Final Approval Hearing, the Objection is hereby overruled in its entirety.

## CERTIFICATION OF THE SETTLEMENT CLASS

16.     Solely for purposes of the Settlement Agreement and this Final Approval Order

and Judgment, the Court hereby certifies the following Settlement Class:

> All persons who, from February 7, 2016 to June 2, 2023, purchased one or more
> A&W root beer or cream soda products labeled as "Made With Aged Vanilla" in
> the United States for personal or household use and not for resale.

> The Settlement Class specifically excludes: (a) the directors, officers, employees,
> and attorneys of Defendants and their parents and subsidiaries; (b) governmental
> entities; (c) the Court, the Court's immediate family, and Court staff; (d) the
> Honorable John Mott (Ret.) and his immediate family; (e) the Honorable Wayne
> Andersen (Ret.) and his immediate family; and (f) the three people that timely and
> properly excludes himself or herself from the Settlement Class in accordance with
> the procedures approved by the Court as identified in Exhibit B of the Finegan
> Declaration filed on October 10, 2023.

17.     The Court incorporates its preliminary conclusions in the Preliminary Approval

Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

18.     The Court grants final approval to the appointment of Plaintiffs LaShawn Sharpe,

Jim Castoro and Steve Dailey as the Class Representatives and concludes that they have fairly and

adequately represented the Settlement Class and shall continue to do so.

19.     The Court grants final approval to the appointment of Michael R. Reese and Sue J.

Nam from Reese LLP and Spencer Sheehan of Sheehan & Associates, P.C. as Class Counsel for

the Settlement Class. Class Counsel have fairly and adequately represented the Settlement Class

and shall continue to do so.

**NOTICE TO THE CLASS**

20.     The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

21.     The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

**ATTORNEYS' FEES AND COSTS, SERVICE AWARD**

22.     Class Counsel has applied for an award of attorneys' fees and costs incurred in this Action in the amount of $2,918,233.50 in attorneys' fees and $306,766.50 in costs, for a total of $3,225,000. For the reasons stated above, the Court finds the fee amount to be fair and reasonable and meets all the factors of both Federal Civil Procedure Rule 23 and the Second Circuit decision in *Goldberger*. Accordingly, Class Counsel's request for attorney's fees in the amount of $2,918,233.50 is granted. The Court also finds that the amount of $306,766.50 in costs – which is uncontested and includes, but is not limited to, the costs for experts and no less than nineteen (19) depositions – is also reasonable and hereby granted. Payment of the costs shall be made pursuant to Section 5.7 of the Settlement Agreement.

23.     Plaintiffs have applied for awards of service payments as Class Representatives in the amount of $5,000 to each Class Representative ("Service Awards") for a total of $15,000. The

Service Awards are uncontested. The Court finds this amount is justified by Plaintiffs' service to the Settlement Class and hereby grants the Service Awards as follows: $5,000 is awarded to LaShawn Sharpe; $5,000 to Jim Castoro; and, $5,000 is awarded to Steve Dailey for a total of $15,000. Payment of the Service Awards shall be made pursuant to Section 5.7 of the Settlement Agreement.

## RELEASES

24.     The Court releases and forever discharges the Released Parties from each of the Released Claims, as provided in the Settlement Agreement. The Releasing Parties are permanently barred and enjoined from instituting, filing, commencing, prosecuting, maintaining, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever, any action in any state court, any federal court, before any regulatory authority, or in any other court, tribunal, forum or proceeding of any kind, against any of the Release Parties that asserts any of the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed as broadly as possible to ensure complete finality over this Action involving the advertising, labeling, and marketing of the Products as set forth herein. No Settlement Class Member may circumvent the spirit and intent of the release by seeking to join in any way together with and other Settlement Class Members in any action whatsoever, including any mass action under the Class Action Fairness Act or otherwise, that asserts such Released Claims. The full terms of the release described in this paragraph are set forth in Section VII of the Settlement Agreement and are specifically approved and incorporated herein by this reference.

9

**OTHER PROVISIONS**

25.     Defendants shall pay all amounts due under the Settlement Agreement, including without limitation sections 2.18, 3.4, 3.7, 3.11, 3.14-3.18, and 5.7 of the Settlement Agreement.

26.     The Court previously approved use of Kroll Settlement Administration as the Settlement Administrator. The Court hereby approves fees and costs to be paid to the Settlement Administrator in the amount of seven hundred and fifty thousand dollars and no cents ($750,000.00) to be used to pay (a) all costs and expenses associated with disseminating notice to the Settlement Class, including but not limited to, the Class Notice and summary Settlement Notice; and (b) all costs and expenses associated with the administration of the Settlement, including but not limited to, processing claims and fees of the Settlement Administrator.

27.     The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement Agreement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against either Defendant of: (a) liability, fault, wrongdoing, or violation of any law, (b) the validity or certifiability for litigation purposes of the Settlement Class, (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action, or (d) the infirmity of any defenses to Plaintiffs' claims or allegations.

28.     The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements, and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by either Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order. This Final Approval Order and the Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceedings that has

been or may be instituted, prosecuted, or attempted against the Released Parties in such capacity

with respect to any of the Released Claims, and may be filed, offered, received into evidence, and

otherwise used for such defense.

29.      The Court hereby dismisses the Action in its entirety with prejudice, and without

fees or costs except as otherwise provided for herein.

30.      Without affecting the finality of this Final Approval Order, the Court will retain

jurisdiction over this Action and the Parties with respect to the interpretation, implementation, and

enforcement of the Settlement Agreement for all purposes.

31.      Pursuant to Rule 54 of the Federal Rules of Civil Procedure, there is no just reason

for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk

of the Court is expressly directed.


NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58

of the Federal Rules of Civil Procedure.

**SO ORDERED this** 15th **day of November, 2023:**


_Brian M. Cogan_
**HONORABLE BRIAN M. COGAN**
**United States District Court Judge**

11